THOMAS H. BROWN v. MARY L. BROWN

No. 8415DC407

(Filed 15 January 1985)

1. **Divorce and Alimony § 30— lump sum pension payment not marital property**

　　Pursuant to the provisions of G.S. 50-20(b)(2) in effect at the time this action for absolute divorce was instituted, a lump sum pension payment made to plaintiff by his employer and deposited in the parties' joint savings account was plaintiff's separate property and not marital property as determined by the trial court; moreover, the portion of the interest earned on the savings account attributable to plaintiff's pension fund should also have been excluded from distribution as marital property.

**2. Divorce and Alimony § 30— unequal division of marital property—findings of fact insufficient**

The trial court's findings of fact were insufficient to support an unequal division of marital property, and the court erred in dividing the property according to its fair market value rather than according to its net value. G.S. 50-20(c).

APPEAL by plaintiff from *Washburn, Judge*. Judgment entered 23 November 1983 in District Court, ALAMANCE County. Heard in the Court of Appeals 5 December 1984.

This is an appeal from a judgment distributing marital property pursuant to the Equitable Distribution Act, G.S. 50-20 and 50-21.

*Vernon, Vernon, Wooten, Brown & Andrews, P.A., by Wiley P. Wooten and T. Randall Sandifer, for plaintiff appellant.*

*Lee W. Settle, C. C. Cates and Robert F. Steele, for defendant appellee.*

JOHNSON, Judge.

The issues presented by this appeal are (1) whether the court's findings of fact were adequate to support an unequal division of property and (2) whether the court erred in finding certain savings account funds to be marital property. For the following reasons, we find error in the court's findings of fact and remand the cause for further findings of fact and a redistribution of the property.

The parties were married on 23 October 1954 and separated on 11 October 1981 when defendant left the marital home. On 13 October 1981, plaintiff filed an action seeking a divorce from bed and board. Defendant filed an answer in which she sought alimony *pendente lite*. Plaintiff subsequently obtained a divorce from bed and board, but defendant's claim for alimony *pendente lite* was denied. The parties subsequently obtained an absolute divorce on 17 March 1983. Defendant's claim for permanent alimony was also denied on 14 July 1983. Defendant did not perfect an appeal from the denial of her request for alimony. Following a hearing upon defendant's request for an equitable distribution of the parties' property, the court found that an equal distribution of

the property would not be equitable and awarded more than half (approximately 55%) of the marital property to defendant.

The findings of fact indicate that the parties had three children, two of which died in infancy. The third child was 21 years old at the time of the hearing and a college student. Shortly after their marriage, the parties purchased a small tract of land and constructed a residence thereon in 1957. Later, in 1964, the parties purchased a 74.3 acre farm which was placed in their joint names. The parties lived a traditional lifestyle in which the plaintiff worked in public work and farmed while defendant was a mother and housewife. Plaintiff worked for Associated Transport from 1956 until 1976, when the company closed, at which time he received a $4,000.00 lump sum pension payment. At the time of the hearing, plaintiff was 57 years old and receiving a pension of $273.00 per month from Associated Transport in addition to income from his full time job at Cone Mills, where he earned $5.46 per hour, and from farming. Plaintiff was in good physical and mental condition. Defendant, at the time of the hearing, was 54 years old, unemployed, and recovering from a partial hysterectomy. She was in fairly good physical condition, except for hypertension and thyroid problems. She owed $1,590.64 in medical bills incurred after leaving the marital dwelling.

[1]  At the time of the separation, the parties had two bank accounts: an account in the amount of $12,027.67 at First Federal Savings & Loan Association in both names and an account at North Carolina National Bank in the amount of $2,664.28 in plaintiff's name only. The court found as a fact that the funds in these accounts were "mostly, if not all, marital property." Plaintiff has excepted to the foregoing finding. He contends that the court erred by failing to find that the $4,000.00 lump sum pension payment, which was deposited into the savings account with First Federal, was plaintiff's separate property. We agree.

The Equitable Distribution Act ("the Act") was enacted in 1981 and subsequently amended in 1983. 1981 Sess. Laws, c. 815; 1983 Sess. Laws, c. 758; 1983 Sess. Laws, c. 640. The amendments in chapter 758, which primarily concern pension rights, were made effective only to actions for absolute divorce filed on or after 1 August 1983. 1983 Sess. Laws, c. 811, s. 1. The amendments in chapter 640 became effective 1 August 1983 to actions

Brown v. Brown

pending in District Court on that date and those filed thereafter. 1983 Sess. Laws, c. 811, s. 1.

The Act requires the court, upon application of a party, to determine what property is marital property and distribute it equitably between the parties. G.S. 50-20(a) (Cum. Supp. 1981). Before making this distribution, the court must classify the parties' property as being marital property or separate property, as those terms are defined in G.S. 50-20(b) (Cum. Supp. 1981). At the time the action for absolute divorce was instituted, G.S. 50-20(b)(2) (Cum. Supp. 1981) provided that vested pension rights were to be considered separate property for purposes of equitable distribution.[1] Here, the evidence is uncontradicted that Mr. Brown received a lump sum pension payment of $4,000.00 which was deposited into a joint savings account, together with other funds. Mr. Brown's lump sum pension payment was, thus, his separate property. By being deposited into the joint bank account, the pension money did not lose its character as Mr. Brown's separate property. As the version of the Act which applies to the present case expressly provides:

> Property acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife or both and shall not be considered to be marital property unless a contrary intention is expressly stated in the conveyance. The increase in value of separate property and the income derived from separate property shall be considered separate property.[2]

---

1. The General Assembly amended G.S. 50-20 in 1983 to provide that vested pension rights were marital property. 1983 Sess. Laws, c. 758, s. 1. The amendments contained in Chapter 758 were made effective only to actions for absolute divorce instituted on or after 1 August 1983. 1983 Sess. Laws, c. 811, s. 1.

2. Since the action for equitable distribution was still pending as of 1 August 1983, the equitable distribution hearing not having been held until the 17 November 1983 Civil Session of Alamance County District Court, the amended version of G.S. 50-20(b)(2) (Cum. Supp. 1983) applies in the present case. 1983 Sess. Laws, c. 640, s. 3. Before amended, G.S. 50-20(b)(2) provided in pertinent part:

> Property acquired in exchange for separate property shall be considered separate property regardless of whether the title is in the name of the husband or wife or both. The increase in value of separate property and the income derived from separate property shall be considered separate property.

G.S. 50-20(b)(2) (Cum. Supp. 1981).

G.S. 50-20(b)(2) (Cum. Supp. 1983). There is no evidence of such a contrary intention. Neither did the depositing of the pension fund into the joint savings account, standing alone, constitute a gift. *Smith v. Smith*, 255 N.C. 152, 120 S.E. 2d 575 (1961). Since the balance of the savings account never fell below $4,000.00, no withdrawals reducing the account's balance having been made from the account before the parties' separation, Mr. Brown is entitled to the pension fund as his separate property. *See Allen v. Allen*, 584 S.W. 2d 599 (Ky. Ct. App. 1979). The trial court, therefore, erred in including the pension funds as marital property. The portion of the interest earned on the savings account attributable to Mr. Brown's pension fund should have also been excluded from distribution as marital property. G.S. 50-20(b)(2) (Cum. Supp. 1983).

[2]   The remaining issue is whether the court's findings of fact were sufficient to support an unequal division of property. In its findings of fact, the court stated that it had considered all of the factors listed in G.S. 50-20(c) and that after weighing all these factors, it found that "an equal distribution would not be equitable in this case, and that factors favoring division in favor of the defendant outweigh factors favoring division in favor of the plaintiff." The court, however, did not articulate its reasons for finding that an equal division would not be equitable as we held in *Alexander v. Alexander*, 68 N.C. App. 548, 315 S.E. 2d 772 (1984), that the court should do. The court's findings of fact are deficient also in that the court did not value the parties' property according to its net value as required by G.S. 50-20(c), but erroneously divided the property according to its fair market value. *Alexander, supra*. We also note the court failed to distribute the parties' Mercury automobile, which was classified as marital property.

For the foregoing errors, the judgment must be vacated and the cause remanded for the entry of a judgment consistent with this opinion.

Vacated and remanded.

Judges BECTON and BRASWELL concur.

(Judge BRASWELL concurred in the result reached in this case prior to his retirement on 31 December 1984.)