HARRY FRANKLIN MANES v. HILDA HARRISON-MANES

No. 8530DC574

(Filed 4 February 1986)

Divorce and Alimony § 30— equitable distribution of marital property—funds
from mother's estate—separate property—use of funds to buy entirety proper-
ty

> Where plaintiff received cash benefits from his mother's estate, deposited
> the assets into a separate account in his name only, used the account to pur-
> chase a $100,000 annuity in his name only, and used the account to purchase a
> house and lot and an additional vacant lot which were deeded to plaintiff and
> defendant as husband and wife, the trial court properly concluded that the
> bank account and annuity remained separate property of the plaintiff, but
> erred in concluding that the real property remained separate, since the con-
> veyance of property by the entireties itself indicated the "contrary intention"
> to preserving separate property required by the Equitable Distribution Act,
> and since use of separate property to acquire entireties property raised a
> rebuttable presumption of gift of separate property to the marital estate.

APPEAL by defendant from *Snow, Jr., Judge.* Judgment en-
tered 15 April 1985 in Superior Court, HAYWOOD County. Heard
in the Court of Appeals 20 November 1985.

Plaintiff Harry Manes and defendant Hilda Harrison-Manes
were married in May 1979. In February 1983, plaintiff's mother
died. From her estate, plaintiff received cash benefits totalling
over $229,000.00. He deposited the assets from his mother's estate
into a separate account, in his name only, at First Union Bank. On
20 April 1983, plaintiff purchased a $100,000.00 annuity, in his
name only, and on 23 May 1983, he purchased a house and lot and
an additional vacant lot which were deeded to plaintiff and de-
fendant as husband and wife. The monies for each of the pur-
chases came from plaintiff's separate account at First Union
Bank.

In June 1983, plaintiff changed the First Union account to a
joint account, adding defendant's name. On 1 August 1983, plain-

tiff added defendant's name to the annuity document as joint owner/joint annuitant. On 1 September 1983, plaintiff and defendant separated.

In the proceeding for equitable distribution of marital property, the trial court concluded that the real property, annuity, and bank account were acquired in exchange for the separate property of plaintiff and, there being no contrary intention expressly stated in the conveyances, remained the separate property of plaintiff. Defendant appeals.

*Smith, Bonfoey and Queen, by Frank G. Queen and Richlyn D. Holt, for defendant appellant.*

*Brown & Brown, by Gavin A. Brown, for plaintiff appellee.*

MARTIN, Judge.

The sole issue raised by this appeal is whether the trial court erred in concluding that the property acquired in exchange for plaintiff's separate property remained separate property. We agree with the trial court that the annuity and bank account remained separate property of the plaintiff. However, for the reasons hereinafter stated, we must vacate that portion of the judgment relating to the real property and remand this case for further proceedings.

Under the Equitable Distribution Act, separate property includes all real and personal property acquired by a spouse by bequest, devise, descent, or gift during marriage and this separate property remains separate property when exchanged for other property "regardless of whether the title is in the name of the husband or wife or both unless a contrary intention is expressly stated in the conveyance." G.S. 50-20(b)(2). In addition, property acquired by gift from the other spouse is considered separate only if stated in the conveyance. *Id.*

In *McLeod v. McLeod,* 74 N.C. App. 144, 156, 327 S.E. 2d 910, 918, *cert. denied,* 314 N.C. 331, 333 S.E. 2d 488 (1985), another panel of this Court construed G.S. 50-20(b)(2) and held that "[w]hen property titled by the entireties is acquired in exchange for separate property the conveyance itself indicates the 'contrary intention' to preserving separate property required by the statute."

Furthermore, when separate property is used as consideration to acquire entireties property a gift of separate property to the marital estate is presumed which is rebuttable by clear, cogent, and convincing evidence. *Id.*

The trial court, in the present case, concluded that the real property held by the parties as tenants by the entirety remained the separate property of plaintiff because no contrary intention had been expressly stated in the conveyances. In so doing, the court failed to consider the presumption created by *McLeod.* Thus, we must vacate that portion of the judgment adjudging plaintiff to be the sole owner of the real property and remand this case to the trial court for further proceedings. Upon remand, the real property will be considered marital property, subject to equitable distribution, unless plaintiff can rebut the presumption of gift by clear, cogent, and convincing evidence.

The presumption of gift created by the holding in *McLeod* was limited in its application to real property acquired by both spouses, as tenants by the entirety, in exchange for the separate property of one of them. We decline to extend that presumption to jointly held personal property which is acquired in exchange for the separate property of one spouse, as to do so would seem to defeat the legislative intent of G.S. 50-20(b)(2).

Therefore, as to the annuity and First Union Bank account, we find no error in the trial court's conclusion that the property remained the separate property of plaintiff. Although the plaintiff added defendant's name to the bank account and annuity, the record discloses no evidence of any intention that the funds would not remain plaintiff's separate property. The deposit of funds into a joint account, standing alone, is not sufficient evidence to show a gift or an intent to convert the funds from separate property to marital property. *See Brown v. Brown,* 72 N.C. App. 332, 324 S.E. 2d 287 (1985); *Loeb v. Loeb,* 72 N.C. App. 205, 324 S.E. 2d 33 (1985).

Affirmed in part, vacated in part, and remanded.

Chief Judge HEDRICK and Judge EAGLES concur.