E. D. ELDRANGE DRAUGHON v. LOUISE BILL DRAUGHON

No. 8612DC228

(Filed 16 September 1986)

**1. Divorce and Alimony § 30— equitable distribution—wife's inheritance used to pay mortgage—gift—no separate property**

    The trial court did not err in determining that a sum of nearly $9,000 inherited by defendant from her mother and used to help pay the mortgage on the family residence held as tenants by the entirety was not separate property but constituted a gift to the marital estate, notwithstanding defendant testified that she never intended the mortgage payment to constitute a gift to her husband or to the marital estate.

**2. Divorce and Alimony § 30— equitable distribution—sole proprietorship of husband—valuation by court improper**

    In a hearing to determine distribution of marital property, the trial court improperly valued plaintiff's business, a landscaping business which was a sole proprietorship, by determining that the net value of the business equaled the net value of the business's tangible assets without giving any consideration to the goodwill of the business.

**3. Divorce and Alimony § 30— equitable distribution—husband's tools—valuation by court improper**

    In a hearing to determine distribution of marital property, the net value placed by the trial court on plaintiff's tools was unsupported by the evidence, and the court erred in failing to determine whether a house and lot was marital property or separate property.

APPEAL by defendant from *Hair, Judge.* Order entered 27 November 1985 in District Court, CUMBERLAND County. Heard in the Court of Appeals 26 August 1986.

    Plaintiff instituted this action seeking an absolute divorce and an equitable distribution of the marital property. Judgment of divorce was entered on 3 June 1985. Upon hearing on the matter of the distribution of the marital property, the trial court ordered an equal distribution of the marital property. From the judgment of the trial court concerning the property distribution, defendant appeals.

    *Blackwell, Swaringen & Russ, by John Blackwell, Jr. and Margaret R. Russ, for plaintiff appellee.*

    *Harris, Sweeny & Mitchell, by Ronnie M. Mitchell, for defendant appellant.*

ARNOLD, Judge.

[1]  Defendant contends that the trial court erred in not classify-
ing certain money as separate property pursuant to G.S. 50-20(a)
and (b). She submits that the court should have found that during
the marriage, she acquired separate property in the sum of
$8,983.37 from her mother which was used to help pay the mort-
gage on the family residence held as tenants by the entirety, but
that the sum remained separate property. We do not agree.

Under the Equitable Distribution Act, separate property in-
cludes all real and personal property acquired by a spouse by be-
quest, devise, descent, or gift during marriage and this property
remains separate property when exchanged for other property
"regardless of whether the title is in the name of the husband or
wife or both unless a contrary intention is expressly stated in the
conveyance." G.S. 50-20(b)(2). In *McLeod v. McLeod*, 74 N.C. App.
144, 156, 327 S.E. 2d 910, 918, *cert. denied*, 314 N.C. 331, 333 S.E.
2d 488 (1985), this Court in construing G.S. 50-20(b)(2) held that
"[w]hen property titled by the entireties is acquired in exchange
for separate property the conveyance itself indicates the 'con-
trary intention' to preserving separate property required by the
statute." Moreover, the Court stated that "where a spouse fur-
nishing consideration from separate property causes property to
be conveyed to the other spouse in the form of tenancy by the en-
tireties, a presumption of a gift of separate property to the
marital estate arises, which is rebuttable by clear, cogent, and
convincing evidence." *Id.* 74 N.C. App. at 154, 327 S.E. 2d at
916-17.

In the present case, the trial court concluded that the
$8,983.37 became marital property upon its use to pay the mort-
gage. Defendant contends that the use of this sum to pay the
mortgage is distinct from buying a residence, and that since
*McLeod* concerned the purchase of a home, that case is not con-
trolling here. We disagree. Defendant also notes that she testified
she never intended the mortgage payment to constitute a gift of
her inheritance to her husband or the marital estate. She con-
tends this testimony was sufficient to rebut the presumption of a
gift of separate property to the marital estate by clear, cogent,
and convincing evidence. This evidence may be clear and cogent,
but evidently it was not convincing to the trial court. The credi-

bility of a witness is a matter to be resolved by the trier of fact. *Laughter v. Lambert,* 11 N.C. App. 133, 180 S.E. 2d 450 (1971). Upon appellate review of a case heard without a jury the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though evidence might sustain findings to the contrary. *Dixon v. Kinser and Kinser v. Dixon,* 54 N.C. App. 94, 282 S.E. 2d 529 (1981), *disc. rev. denied,* 304 N.C. 725, 288 S.E. 2d 805 (1982). We have reviewed the evidence and find that it supports the court's findings. The court properly concluded, based upon the case law, that defendant's sum was a gift to the marital estate in the form of a mortgage payment.

[2]   Defendant also contends that the trial court erred in failing to place a net value upon plaintiff's business in its valuation of the marital property as required by G.S. 50-20(c). The trial court made the following findings of fact concerning plaintiff's business:

> IX. That the Court received into evidence testimony concerning the valuations of the landscaping business owned and operated by the plaintiff. The business is a sole proprietorship and was started about 2 years ago. The plaintiff owns certain tangible equipment used in the business, to wit: a 1979 Massey Ferguson tractor, a Super Pan, a York Rake, a Drag Blade, a 1972 ¾ ton dump truck, a 1977 Ford Van, a 1967 Fairlane 500 Ranchero, and hand tools. This equipment has a net value, as established by the Court, as shown on the attached Exhibit "A," adopted herein by reference. B. D. Landscaping is operated by the plaintiff who performs the labor, employs additional part time labor, and is solely responsible for the direction and success of the business. B. D. Landscaping has a handful of customers for whom it landscapes yards mainly for new houses. Aside from the personal labor and management of the plaintiff, the Court is unable to designate any value to "Good Will" of the business and as a result, the Court is unable to place a value on the business except for the tools and equipment owned by plaintiff and used in his business.

The trial court did establish a net value for the business equal to the net value of the tangible assets of that business. Therefore, defendant is correct in asserting that the court improperly valued the business.

This Court addressed the issue of the proper valuation of a solely owned professional practice in *Poore v. Poore*, 75 N.C. App. 414, 331 S.E. 2d 266, *disc. rev. denied*, 314 N.C. 543, 335 S.E. 2d 316 (1985). Though that case concerned a dental practice, the valuation methods discussed and approved in that opinion are applicable to the present issue of the proper valuation of a solely owned business. *See* J. McCahey, *Valuation and Distribution of Marital Property*, Sec. 22.08 (1985).

We first note that the task of a reviewing court on appeal is to determine whether the approach used by the trial court reasonably approximated the net value of the business interest. *Poore*, 75 N.C. App. at 419, 331 S.E. 2d at 270. If it does, the valuation will not be disturbed. *Id.* In *Poore*, we stated that

> In ordering a distribution of marital property, a court should make specific findings regarding the value of a spouse's professional practice and the existence and value of its goodwill, and should clearly indicate the evidence on which its valuations are based, preferably noting the valuation method or methods on which it relied. On appeal, if it appears that the trial court reasonably approximated the net value of the practice and its goodwill, if any, based on competent evidence and on a sound valuation method or methods, the valuation will not be disturbed.

75 N.C. App. at 422, 331 S.E. 2d at 272.

In the present case, defendant's evidence tends to show that plaintiff's business had goodwill and that the value of the business, including its goodwill, was $61,500.00. This valuation was prepared by an accounting firm using a capitalization of earnings method. Plaintiff's evidence as to the value of his business consisted of his testimony regarding the history of the business and the condition and value of the tangible assets at the date of separation. From this evidence the trial court concluded that the net value of the business equaled the net value of the business's tangible assets. However, we are unable to determine from the court's findings what method it used in determining that the business had no goodwill and whether their determination was based on a sound method of valuation. We must remand this cause for further findings as to the value of plaintiff's business.

[3] Defendant further contends that the trial court erred in failing to place a net value on plaintiff's tools and on plaintiff's life interest in real property, thereby failing to make an equitable distribution of the marital property. We find it necessary to also remand these issues for further findings.

The trial court did place a net value of $1,000.00 on plaintiff's tools. Defendant again apparently asserts that the court's findings were improper and not supported by the evidence. We agree. Defendant testified that plaintiff's tools were worth $8,295.00. Plaintiff testified that his tools in his possession were worth between $1,200.00 and $1,500.00 and that tools in his wife's possession were worth between $500.00 and $600.00. The court's finding that the net value of the tools was $1,000.00 is not supported by the evidence and was error.

Plaintiff testified on cross-examination that he owned a life estate interest in a house and lot, and that the fair market rental value of the house was $250.00 per month. Evidence indicated that plaintiff's son owns the property in fee and has been receiving the rents from the property in the sum of $150.00 per month. The trial court failed to determine whether the life estate was marital property or separate property. This failure to make such a determination was error. G.S. 50-20(b).

For the reasons set forth above, we vacate the order for equitable distribution of the marital property, and we remand this cause for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges WELLS and EAGLES concur.