PEGGY HAITH THOMPSON v. ROBERT THOMPSON

No. 8818DC572

(Filed 21 March 1989)

**Divorce and Alimony § 30— equitable distribution—consideration from separate property used to purchase tenancy by the entireties—new property is marital property**

Where a spouse furnishing consideration from separate property causes property to be conveyed to the other spouse in the form of tenancy by the entireties, a presumption of a gift of separate property to the marital estate arises, which is rebuttable by clear, cogent, and convincing evidence; therefore, the parties' residence in this case was properly classified as marital property where defendant used funds from the sale of a house which he had owned prior to marriage to buy a second house in both their names, and then used funds from that house to buy the house in question, and defendant failed to rebut the presumption of gift where the conveyance itself contained no statement that defendant intended to keep the residence his separate property, and there was no other evidence to that effect. N.C.G.S. § 50-20(b)(2).

APPEAL by defendant from *Morton (J. Bruce), Judge.* Order entered 23 March 1988 in District Court, GUILFORD County. Heard in the Court of Appeals 11 January 1989.

Defendant appeals from an order determining the parties' marital residence to be totally marital property for purposes of equitable distribution pursuant to the Equitable Distribution Act, G.S. sec. 50-20.

*Hatfield & Hatfield, by Kathryn K. Hatfield, for plaintiff-appellee.*

*King & Stockton, by Michael Lee King, for defendant-appellant.*

JOHNSON, Judge.

Plaintiff and defendant were married in 1966, separated in 1983, and divorced in 1985. One child was born of the union. In 1966, the couple first resided in a home on Cambridge Street in Greensboro which was owned by defendant prior to his marriage to plaintiff. In 1970, defendant sold the house and used part of the proceeds to finance the purchase of a larger residence on Asheboro Street in order to accommodate plaintiff's two children from a prior relationship who had come to live with the couple. This house was titled in the names of both plaintiff and defendant as tenants by the entireties. Defendant testified that premarital funds of his were used to renovate this residence. In 1979, the parties sold the Asheboro Street residence and used part of the proceeds to purchase a third house on Mystic Drive, also titled as entireties property.

Plaintiff instituted proceedings for divorce and equitable distribution on 21 December 1984. A judgment of absolute divorce was granted by the trial court, sitting without a jury, on 4 February 1985. On 23 March 1988, the court filed an equitable distribution order which held the real property on Mystic Drive to be marital property. Defendant appeals from this order.

The sole question presented by defendant for our review is whether the trial court erred in concluding as a matter of law that the Mystic Drive residence was totally marital property pursuant to G.S. sec. 50-20(b)(1) when evidence at trial established that the residence was purchased with both separate and marital funds.

The first step in the equitable distribution process is the classification of the parties' property as either separate or marital. G.S. sec. 50-20(a); *Cornelius v. Cornelius*, 87 N.C. App. 269, 360 S.E. 2d 703 (1987). Marital property includes "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, . . ." G.S. sec. 50-20(b)(1). Separate property, which is not included in the category of marital property, means

> all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage. However, property acquired by gift from the other spouse during the course of the marriage shall be considered separate property only if such an intention is stated in the conveyance. Property acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife or both and shall not be considered to be marital property unless a contrary intention is expressly stated in the conveyance.

G.S. sec. 50-20(b)(2).

This Court, in previously construing G.S. sec. 50-20(b)(2), has determined that "where a spouse furnishing consideration from separate property causes property to be conveyed to the other spouse in the form of tenancy by the entireties, a presumption of a gift of separate property to the marital estate arises, which is rebuttable by clear, cogent, and convincing evidence." *McLeod v. McLeod*, 74 N.C. App. 144, 154, 327 S.E. 2d 910, 916-17, *cert. denied*, 314 N.C. 331, 333 S.E. 2d 488 (1985) (citation omitted). Further, the entireties conveyance itself sufficiently indicates the "contrary intention" under the statute to preserving separate property. *Id*. at 156, 327 S.E. 2d at 918.

The correctness of this presumption has been upheld by our Supreme Court in the recent case of *McLean v. McLean*, 323 N.C. 543, 374 S.E. 2d 376 (1988). The Court in *McLean*, in furnishing us with an extensive analysis of G.S. sec. 50-20(b)(2), resolves the ambiguity of the "interspousal gift" provision (the second sentence of G.S. sec. 50-20(b)(2) ), and the "exchange" provision (the third sentence). After a full discussion of legislative intent, applicable case law, and the nature of the marital relationship and of the

entireties estate, all of which we need not detail here, the Court in *McLean* adopted the marital gift presumption of *McLeod* for entireties property. *McLean, supra.*

Applying this settled rule to the case *sub judice*, we conclude that the parties' residence on Mystic Drive, being titled in their names as entireties property, is presumed to have been a gift by defendant to the marital estate. *Id.* The question then becomes whether defendant has come forward with clear, cogent, and convincing evidence to rebut this presumption. We find that he has not.

The conveyance itself contained no statement that defendant intended to keep the residence his separate property. Whether evidence presented by defendant at trial is sufficient to "[rebut] the presumption of gift to the marital estate by clear, cogent, and convincing evidence is a matter left to the trial court's discretion." *Id.* at 555, 374 S.E. 2d at 383, *quoting with approval, McLean v. McLean*, 88 N.C. App. 285, 290, 363 S.E. 2d 95, 98-99 (1987).

At trial the only evidence properly before the court as to defendant's intent concerning the status of the residence on Asheboro Street was the following:

Q: Mr. Thompson, was it your intent to have your former wife's name placed on the deed?

A: No, and this is the reason I asked twice first.

As to defendant's intent concerning the property on Mystic Drive, the transcript reveals only the following interchange:

Q: Whenever you bought the second house [on Mystic Drive], do you know whose names were put on the deed?

A: The second house, due to the fact that Peggy's name was placed on the deed to my second house it was only natural then that her name was going to go to the third house.

We agree with plaintiff's argument that the above-quoted statements of defendant show merely that he considered whether to place plaintiff's name on the deed and then proceeded to do so. In any event, they certainly do not rise to the level of clear, cogent, and convincing evidence of defendant's intention not to make a gift to the marital estate.

For all the foregoing reasons, we hold that the trial court properly classified the residence on Mystic Drive as marital proper-

BIG B TRANSPORTATION, INC. v. U.S. INS. GROUP

[93 N.C. App. 233 (1989)]

ty. We further hold that the court committed no abuse of discretion in failing to find that defendant rebutted the presumption that the residence was a gift to the marital estate.

Affirmed.

Judges WELLS and BECTON concur.