EGBERT L. HAYWOOD, JR. v. MARY R. HAYWOOD

No. 9114DC188

(Filed 21 April 1992)

1. **Divorce and Separation § 176 (NCI4th)— equitable distribution—lot acquired with separate property—presumption of gift—findings not sufficient**

    The trial court erred in an equitable distribution action by failing to make the required finding where there was a presumption of a gift to the marital estate of a lot (Plymouth Road) acquired in exchange for separate property, plaintiff introduced evidence to rebut the presumption, and the court failed to make a finding on that issue. When a party claims property to be separate and supports his or her claim with evidence, the trial court must consider the evidence and make a finding which demonstrates that the court has considered the evidence.

    **Am Jur 2d, Divorce and Separation §§ 884, 887.**

2. **Divorce and Separation §§ 136, 148 (NCI4th)— marital home— value at date of distribution—evidence sufficient—mortgage payments as distributive factor**

    The trial court did not err in an equitable distribution action by finding that the marital home had a value of $225,000 at the date of distribution where there was competent evidence in the record to support the finding and the plaintiff did not argue that the trial court distributed the marital home on the basis of its value at the date of distribution or that the court failed to consider the post-separation appreciation as a distributional factor. However, on remand, the trial court must consider the defendant's post-separation mortgage payments as a distributional factor as opposed to giving defendant a credit for those payments.

    **Am Jur 2d, Divorce and Separation §§ 937, 938.**

    **Proper date for valuation of property being distributed pursuant to divorce. 34 ALR4th 63.**

3. **Divorce and Separation § 176 (NCI4th)— equitable distribution—lot deeded by entireties—acquired with separate property—presumption of gift—rebuttal evidence—findings insufficient**

    The trial court failed to make the required findings in an equitable distribution action where it was undisputed that plaintiff used separate property to acquire the 200 12th Street lot which was titled by the entireties, so that the presumption arises that plaintiff made a gift of his separate property to the marital estate, but plaintiff produced competent evidence to rebut the presumption. The trial court was required to consider the evidence and make a finding as to whether the plaintiff had rebutted the presumption.

**Am Jur 2d, Divorce and Separation §§ 884, 887.**

4. **Divorce and Separation § 125 (NCI4th)— equitable distribution—gold coins—separate property**

    The trial court erred in an equitable distribution action by classifying 100 gold Krugerrands as marital property where the evidence showed that the coins were acquired in exchange for plaintiff's separate property and no contrary intention was expressed in the conveyance. Storing the coins in a joint safety deposit box is not an express contrary intention in the conveyance that the coins be considered marital property.

**Am Jur 2d, Divorce and Separation § 887.**

5. **Divorce and Separation § 152 (NCI4th)— equitable distribution—master's degree in economics and business—separate property**

    The trial court erred in an equitable distribution action by failing to make the required finding regarding defendant's master's degree in economics and business. Educational degrees are not property under the equitable distribution statute, but the trial court was required to treat plaintiff's direct and indirect contributions towards defendant's acquisition of her degree as a distributional factor. In this case, the trial court did not make a finding of fact, but merely concluded that the equitable distribution of the marital property of the parties requires that the marital property be divided equally.

**Am Jur 2d, Divorce and Separation § 898.**

## HAYWOOD v. HAYWOOD
[106 N.C. App. 91 (1992)]

**Spouse's professional degree or license as marital property for purposes of alimony, support, or property settlement. 4 ALR4th 1294.**

6. **Divorce and Separation § 158 (NCI4th)— equitable distribution — personal debts and medical problems — distributional factors — findings required**

The trial court erred in an equitable distribution action by failing to make findings regarding plaintiff's evidence concerning his personal debts and medical problems.

**Am Jur 2d, Divorce and Separation §§ 917, 935.**

Judge WYNN dissenting in part.

APPEAL by plaintiff from judgment entered 7 September 1990 in DURHAM County District Court by *Judge David Q. LaBarre.* Heard in the Court of Appeals 14 November 1991.

*Hunter, Wharton & Lynch, by John V. Hunter III, for plaintiff-appellant.*

*Randall, Jervis, Hill & Anthony, by John C. Randall, for defendant-appellee.*

GREENE, Judge.

The plaintiff appeals from an equitable distribution order entered 7 September 1990.

This appeal is the second appeal of this case to this Court. For the procedural history of this case prior to this appeal, see *Haywood v. Haywood,* 95 N.C. App. 426, 427-28, 382 S.E.2d 798, 799, *disc. rev. denied,* 325 N.C. 706, 388 S.E.2d 454 (1989). The facts which are relevant for the disposition of this appeal are contained in the context of the discussion of each assignment of error.

---

The issues are whether (I) the trial court was required to make findings of fact on whether the plaintiff had rebutted the gift presumption regarding (A) the Plymouth Road lot and (B) the 200 12th Street lot; (II) the plaintiff rebutted the defendant's showing that the 100 gold Krugerrands are marital property; (III) the defendant's master's degree is property under the equitable distribution statute; and (IV) the trial court was required to make findings

on the plaintiff's evidence concerning his personal debts and medical problems.

I

(A) Plymouth Road House and Lot

[1]   The plaintiff argues that although the Plymouth Road *house* is marital property, because the parties acquired the *lot* upon which the house sits in exchange for his separate property, the *lot* remains his separate property.

The evidence at trial tends to show that on 9 April 1975, Arden Properties, Inc., which was controlled by the plaintiff's parents, gave the plaintiff a $20,000 note payable to the plaintiff on demand. The parties were married on 3 March 1978, and in March, 1980, the plaintiff signed over his note to Thunder Oil Corporation, a corporation predominately owned by the plaintiff's parents, in exchange for the lot located on Plymouth Road in Durham, North Carolina which Thunder Oil transferred to the parties as tenants by the entireties. According to our Supreme Court,

> [i]f a spouse uses separate funds to acquire property titled by the entireties, the presumption is that a gift of those separate funds was made, and the statute's interspousal gift provision applies. Unless that presumption is rebutted by clear, cogent and convincing evidence, the statute dictates that the gift 'shall be considered separate property only if such an intention is stated in the conveyance.' N.C.G.S. § 50-20(b)(2) (1987 [& Supp. 1991]).

*McLean v. McLean*, 323 N.C. 543, 552, 374 S.E.2d 376, 382 (1988). Therefore, because the plaintiff used his demand note to acquire the Plymouth Road lot which in the deed was titled by the entireties, the presumption arises that the plaintiff made a gift of his separate property to the marital estate. Consistent with *McLean*, the trial court found that the deed "to the parties as tenants by the entireties contained no reservation of interest nor was it encumbered by any deed of trust and was a gift to the marriage and is therefore marital property." The plaintiff, however, introduced evidence to rebut the presumption, and the trial court failed to make a finding on that evidence.

As with evidence of N.C.G.S. § 50-20(c) (1987 & Supp. 1991) factors, when a party claims property to be separate and supports

his or her claim with evidence, the trial court must consider the evidence and make a finding which demonstrates that the trial court has considered the evidence. *See Taylor v. Taylor*, 92 N.C. App. 413, 419, 374 S.E.2d 644, 648 (1988); *cf. Armstrong v. Armstrong*, 322 N.C. 396, 404-06, 368 S.E.2d 595, 599-600 (1988) (findings required when party presents evidence of distributional factor). Without a finding of fact showing that the trial court has considered the party's evidence, a reviewing appellate court is unable to determine whether the trial court properly applied the law in determining the property to be marital. *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980). Here, the plaintiff testified that at the time of the conveyance he did not intend to make a gift of his separate property to the marital estate. This testimony is some competent evidence to rebut the presumed gift of his separate property to the marital estate. *Lawrence v. Lawrence*, 100 N.C. App. 1, 9, 394 S.E.2d 267, 270 (1990); *Draughon v. Draughon*, 82 N.C. App. 738, 739-40, 347 S.E.2d 871, 872 (1986), *cert. denied*, 319 N.C. 103, 353 S.E.2d 107 (1987); *see Thompson v. Thompson*, 93 N.C. App. 229, 232, 377 S.E.2d 767, 768-69 (1989) (defendant testified that he did not intend to have wife's name placed on deed). Accordingly, because the plaintiff produced some competent evidence to rebut the presumption of gift to the marital estate, the trial court was required to consider the evidence and make a finding as to whether the plaintiff had rebutted the presumption with clear, cogent, and convincing evidence, such determination being within the trial court's discretion. *Thompson*, 93 N.C. App. at 232, 377 S.E.2d at 768-69; *Draughon*, 82 N.C. App. at 739-40, 347 S.E.2d at 872. The trial court erred in failing to make the required finding. If on remand the trial court determines that the Plymouth Road lot is marital property, the trial court must nonetheless consider as a distributional factor that the plaintiff contributed his separate property to the marital estate. N.C.G.S. § 50-20(c)(12) (1987 & Supp. 1991); *Lawrence*, 100 N.C. App. at 23, 394 S.E.2d at 279 (Greene, J., concurring) (means for acquiring marital property important in determining equitable distribution).

[2]  The plaintiff also argues that the trial court erred in finding that the Plymouth Road house had a value of $225,000 at the date of *distribution*. We disagree. A trial court's findings of fact are conclusive on appeal when there is any competent evidence in the record to support them. *Nix v. Nix*, 80 N.C. App. 110, 112, 341 S.E.2d 116, 118 (1986). There is some competent evidence in

the record to support the trial court's finding that the marital home located on Plymouth Road had a value of $225,000 at the date of *distribution*. The plaintiff does not argue that the trial court distributed the marital home on the basis of its value at the date of distribution. In fact, the trial court valued the property at the date of separation at $106,578.63 and distributed that amount as marital property. N.C.G.S. § 50-21(b) (1987 & Supp. 1991) (trial court must value marital property as of date of separation); *Mishler v. Mishler*, 90 N.C. App. 72, 77, 367 S.E.2d 385, 388, *disc. rev. denied*, 323 N.C. 174, 373 S.E.2d 111 (1988) (trial court must distribute date of separation value of marital property). The trial court must nonetheless consider evidence of the value of the marital property at the date of distribution because the post-separation appreciation in the value of marital property is a distributional factor under N.C.G.S. § 50-20(c)(11a) or (12) (1987 & Supp. 1991). *Mishler*, 90 N.C. App. at 77, 367 S.E.2d at 388; *Truesdale v. Truesdale*, 89 N.C. App. 445, 448, 366 S.E.2d 512, 514 (1988). The plaintiff does not argue that the trial court failed to consider the post-separation appreciation as a distributional factor. The plaintiff argues, however, and we agree that on remand the trial court must consider the defendant's post-separation mortgage payments on the Plymouth Road house as a distributional factor under N.C.G.S. § 50-20(c)(11a) or (12) as opposed to giving the defendant a credit for those payments. *Fox v. Fox*, 103 N.C. App. 13, 20-21, 404 S.E.2d 354, 358 (1991); *Miller v. Miller*, 97 N.C. App. 77, 80-81, 387 S.E.2d 181, 184 (1990).

(B) 200 12th Street House and Lot

[3]   The plaintiff argues that the trial court erroneously classified the house built on the 200 12th Street lot located in Butner, North Carolina as marital property because the house was built before the parties' marriage. We disagree. Contrary to the plaintiff's testimony, the defendant testified and the trial court found that this house was built during the parties' marriage. We agree with the plaintiff, however, that the 200 12th Street *lot* has not been properly classified as marital property.

It is undisputed that the plaintiff used separate property to acquire the 200 12th Street lot which was titled by the entireties. Therefore, the presumption arises that the plaintiff made a gift of his separate property to the marital estate. *McLean*, 323 N.C. at 552, 374 S.E.2d at 382. The plaintiff testified, however, that he did not intend to make a gift of his separate property to the

## HAYWOOD v. HAYWOOD

[106 N.C. App. 91 (1992)]

marital estate. As stated with regard to the Plymouth Road lot, because the plaintiff produced some competent evidence to rebut the presumption of gift to the marital estate, the trial court was required to consider the evidence and make a finding as to whether the plaintiff had rebutted the presumption with clear, cogent, and convincing evidence. The trial court erred in failing to make the required finding. If on remand the trial court determines that the 200 12th Street lot is marital property, the trial court must consider as a distributional factor that the plaintiff contributed his separate property to the marital estate. N.C.G.S. § 50-20(c)(12); *Lawrence*, 100 N.C. App. at 23, 394 S.E.2d at 279 (Greene, J., concurring).

## II

### 100 Gold Krugerrands

[4] The plaintiff argues that the trial court erred in classifying the 100 gold Krugerrands as marital property. We agree.

The trial court must identify and classify "property as marital or separate 'depending upon the proof presented to the trial court of the nature' of the assets." *Atkins v. Atkins*, 102 N.C. App. 199, 206, 401 S.E.2d 784, 787 (1991) (citation omitted). The party seeking to have property classified as marital or separate bears the burden of showing by a preponderance of the evidence that the property is marital or separate. *Id.* The party claiming the property to be marital meets this burden by showing that the property

> (1) was 'acquired by either spouse or both spouses'; and (2) was acquired 'during the course of the marriage'; and (3) was acquired 'before the date of the separation of the parties'; and (4) is 'presently owned.'

*Id.* (citation omitted). If the party claiming the property to be marital shows these four elements by a preponderance of the evidence, the burden shifts to the party claiming the property to be separate to show by a "preponderance of the evidence that the property meets the definition of separate property under N.C.G.S. § 50-20(b)(2) (1987 [& Supp. 1991])." *Ciobanu v. Ciobanu*, 104 N.C. App. 461, 466, 409 S.E.2d 749, 752 (1991); *Atkins*, 102 N.C. App. at 206, 401 S.E.2d at 788. "If both parties meet their burdens, then under the statutory scheme of N.C.G.S. § 50-20(b)(1) and (b)(2), the property is excepted from the definition of marital property and is, therefore, separate property." *Atkins*, 102 N.C. App. at

206, 401 S.E.2d at 788; *Ciobanu*, 104 N.C. App. at 466, 409 S.E.2d at 752 (*Atkins* allocation of burdens of proof consistent with recent amendment to N.C.G.S. § 50-20(b)(1) (Supp. 1991) establishing rebuttable presumption that property acquired between dates of marriage and separation is marital).

The defendant showed and the trial court found that the 100 gold Krugerrands stored in Canada are marital property. The plaintiff acquired the coins during their marriage and before their separation, and they are presently owned and stored in Canada in a safety deposit box with the joint right of withdrawal. *Atkins*, 102 N.C. App. at 206, 401 S.E.2d at 787. The plaintiff, however, responded to this evidence by showing that he had obtained the coins in exchange for his separate property, namely, stocks he had owned prior to the parties' marriage.

Under N.C.G.S. § 50-20(b)(2) (1987 & Supp. 1991), "[p]roperty acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife or both and shall not be considered to be marital property unless a contrary intention is expressly stated in the conveyance." The plaintiff's evidence showed that in November, 1976, the plaintiff posted his separate stock as security for a line of credit at NCNB. The parties were married on 3 March 1978. On 14 July 1978, the plaintiff sold his stock for $21,312.12 which amount he deposited into his checking account at NCNB. On that same day, NCNB wired $21,175 from the plaintiff's account to Marine Midland Bank, the bank for Carrera and Company, a trader in precious metals. Carrera and Company then shipped the coins to NCNB. According to the NCNB bank official who handled this transaction, the coins replaced the plaintiff's stock as security for the plaintiff's line of credit. This evidence, which the defendant does not dispute, shows that the coins were acquired in exchange for the plaintiff's separate property, and because no contrary intention was expressed in the conveyance, the coins are the plaintiff's separate property. That the plaintiff stored the coins in a joint safety deposit box is not an express "contrary intention" "in the conveyance" that the coins "be considered to be marital property." *See Manes v. Harrison-Manes*, 79 N.C. App. 170, 172, 338 S.E.2d 815, 817 (1986) (husband's conduct of adding wife's name to bank account and annuity was not evidence of express contrary intention in conveyance); *Brown v. Brown*, 72 N.C. App. 332, 336, 324 S.E.2d 287, 289 (1985) (husband's conduct of depositing money into joint

savings account was not evidence of express contrary intention in conveyance). Accordingly, because the plaintiff rebutted the defendant's showing that the coins are marital property, the coins are the plaintiff's separate property, and the trial court erred in classifying them as marital property.

## III

### Defendant's Master's Degree

[5] The plaintiff argues that the defendant's master's degree in economics and business should be classified as marital property. We disagree. Because educational degrees, like professional and business licenses, are personal to their holders, are difficult to value, cannot be sold, and represent enhanced earning capacity, the vast majority of courts which have addressed the issue have held that such degrees are not property for purposes of equitable distribution. L. Golden, Equitable Distribution of Property § 6.19 (1983); *cf. Sonek v. Sonek*, 105 N.C. App. 247, 255, 412 S.E.2d 917, 922 (1992) (Greene, J., concurring). Our legislature has accepted in part and rejected in part this majority rule.

"The primary goal of statutory construction is to arrive at legislative intent." *Alberti v. Manufactured Homes, Inc.*, 329 N.C. 727, 732, 407 S.E.2d 819, 822 (1991). The legislature has provided that "[a]ll professional licenses and business licenses which would terminate on transfer shall be considered separate property." N.C.G.S. § 50-20(b)(2) (1987 & Supp. 1991). By this statute, the legislature "has recognized that such licenses are in fact property for purposes of the equitable distribution statute." *Sonek*, 105 N.C. App. at 255, 412 S.E.2d at 922. The legislature, however, did not classify educational degrees as property for purposes of equitable distribution; rather, it provided that trial courts shall consider evidence of "[a]ny direct or indirect contribution made by one spouse to help educate or develop the career potential of the other spouse" in distributing marital property. N.C.G.S. § 50-20(c)(7) (1987 & Supp. 1991). When N.C.G.S. § 50-20(b) is construed *in pari materia* with N.C.G.S. § 50-20(c)(7), *Great Southern Media, Inc. v. McDowell County*, 304 N.C. 427, 430-31, 284 S.E.2d 457, 461 (1981), the relationship of these statutory provisions demonstrates the legislature's intent that educational degrees are not property, either marital or separate, under our equitable distribution statute, but rather are factors to be used in the distribution of marital property. Furthermore, viewed under the statutory construction doctrine of *expressio unius*

*est exclusio alterius*, which means the expression of one thing is the exclusion of another, *Alberti*, 329 N.C. at 732, 407 S.E.2d at 822, the legislature's failure to mention educational degrees under the definitions of marital and separate property demonstrates an intent consistent with the majority rule to exclude educational degrees from the definition of property for purposes of equitable distribution. Accordingly, educational degrees are not property under the equitable distribution statute.

Although the defendant's advanced degree is not property for purposes of equitable distribution and therefore cannot be valued, the trial court was nonetheless required to treat as a distributional factor the plaintiff's direct and indirect contributions, if any, towards the defendant's acquisition of her degree. N.C.G.S. § 50-20(c)(7); *Geer v. Geer*, 84 N.C. App. 471, 478, 353 S.E.2d 427, 431 (1987) (career enhancing contributions); *Harris v. Harris*, 84 N.C. App. 353, 358-59, 352 S.E.2d 869, 873 (1987) (earning potential). The plaintiff produced evidence which shows the following: That the defendant sought her advanced degree for its enhanced earnings potential; that she left her job paying nearly $20,000 per year to acquire the degree; that while the defendant was in school, the plaintiff contributed more to their household expenses than did the defendant and paid for the defendant's medical insurance, hospital and periodontal bills, medication, and for all gifts the parties gave to people other than themselves; that the defendant relied on the plaintiff's support while attending school; that without that support, the defendant would not have been able to get the advanced degree in the manner in which she did; and that the defendant acquired her advanced degree just two months before the parties separated.

When a party introduces evidence of a distributional factor under N.C.G.S. § 50-20(c), the trial court must consider the factor and make a finding of fact with regard to it. *Armstrong*, 322 N.C. at 405-06, 368 S.E.2d at 600. In this case, the trial court, contrary to the dissenting opinion, did not make a finding of fact regarding this distributional factor. It merely concluded that "[t]he equitable distribution of the marital property of the parties requires that the marital property of the parties should be divided equally between the plaintiff and the defendant." This conclusion is insufficient. *Id.* at 406, 368 S.E.2d at 600. Because the trial court did not make the required finding of fact regarding the distributional factor implicated by the plaintiff's evidence, this Court cannot deter-

**HAYWOOD v. HAYWOOD**

[106 N.C. App. 91 (1992)]

mine from the record whether the trial court correctly applied the law in reaching its conclusion. *Id.* The trial court erred in failing to make the required finding.

## IV

### Other Distributional Factors

[6] We likewise agree with the plaintiff that the trial court erroneously failed to make findings regarding the plaintiff's evidence concerning his personal debts and medical problems including hypoglycemia and a herniated disk. On remand, the trial court must make findings on these distributional factors. N.C.G.S. § 50-20(c)(1), (3) (1987 & Supp. 1991); *Armstrong,* 322 N.C. at 406, 368 S.E.2d at 600; *Geer,* 84 N.C. App. at 475, 353 S.E.2d at 429.

We have considered the plaintiff's remaining assignments of error and find them to be without merit. In summary, we remand this case for new findings, conclusions, and order of distribution consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

Judge PARKER concurs.

Judge WYNN dissenting in part with separate opinion.

Judge WYNN dissenting in part.

This is an action seeking review of an equitable distribution judgment and order. The parties were married for six years before their separation in 1984. There were no children born of the marriage. The plaintiff-husband in this action brought the original claim for absolute divorce, and the defendant-wife brought a claim for alimony, both in July 1985.

Following the trial court's award of temporary alimony and equitable distribution on 22 December 1987, plaintiff moved to amend the findings of fact and for a new trial. Plaintiff also moved to stay enforcement of the alimony and equitable distribution judgments pending a hearing on the motions. These motions were denied.

Plaintiff then appealed from the equitable distribution judgment and order and from the denial of his motions. This Court, in *Haywood v. Haywood,* 95 N.C. App. 426, 382 S.E.2d 798, *cert.*

*denied*, 325 N.C. 706, 388 S.E.2d 454 (1989), reversed the order for temporary alimony, because temporary alimony was awarded improperly, vacated the equitable distribution order and reversed the order for attorney's fees. The case was remanded to the trial court for new findings of fact and conclusions of law to be made on the existing record without taking further evidence. On 7 September 1990, the trial court entered a new equitable distribution judgment and order. It is from this judgment and order that the plaintiff appeals.

Because I believe that the trial judge correctly distributed the following properties of the parties, I respectfully dissent from the majority's holding to the contrary.

I.

The Marital Home

On review before this Court, "[a]n equitable distribution order should not be disturbed unless 'the appellate court, upon consideration of the cold record, can determine that the division ordered . . . has resulted in an obvious miscarriage of justice.'" *Morris v. Morris*, 90 N.C. App. 94, 97, 367 S.E.2d 408, 410 (1988) (quoting *Alexander v. Alexander*, 68 N.C. App. 548, 552, 315 S.E.2d 772, 776 (1984)). Further, when the appellant contends that the findings of fact are not supported by the evidence, we look to see whether the findings are supported by any competent evidence in the record. *Id.*

The record indicates that there was competent evidence to support the finding of fact by the trial court that the marital home located at Plymouth Road was marital property rather than the separate property of the plaintiff. Plaintiff argues as he testified at trial, that the Plymouth Road house was purchased with separate funds and is therefore, separate property. However the record indicates that the trial court made detailed and specific findings of fact with regard to the property, and it concluded that, at the date of separation, the parties were owners as tenants by the entireties of the Plymouth Road house, by virtue of a deed from Thunder Oil Company, a corporation predominantly owned by the plaintiff's parents. The court also concluded that the conveyance from Thunder Oil Company contained no reservation of interest and was a gift to the marriage.

**HAYWOOD v. HAYWOOD**

[106 N.C. App. 91 (1992)]

Our Supreme Court, in *McLean v. McLean*, 323 N.C. 543, 374 S.E.2d 376 (1988), held that by placing title to property purchased with separate funds in both parties' names as tenants by the entirety, the presumption is that there has been a gift of separate property to the marital estate. As such, I believe that the evidence presented at trial was competent to support this finding of fact by the trial court.

Significantly, the majority concludes that the naked testimony by the plaintiff that he did not intend to make a gift of his separate property was "some competent evidence to rebut the presumed gift of his separate property to the marital estate." In my opinion, the majority's ruling in this respect represents a significant departure from previous holdings of our courts which have required that a presumption of a gift of separate property to the marital estate is rebuttable only by a showing of *clear, cogent, and convincing evidence. See id.* at 552, 374 S.E.2d at 382; *Lawrence v. Lawrence*, 100 N.C. App. 1, 394 S.E.2d 267 (1990). Moreover, whether a party has succeeded in rebutting the presumption of a gift to the marital estate by clear, cogent, and convincing evidence is a matter left to the trial court's discretion. *Lawrence*, 100 N.C. at 9, 394 S.E.2d at 270. Indeed, *Lawrence*, a case cited by the majority on this issue, states emphatically that "this court has affirmed findings that property is marital even though a donor spouse testified that a gift was not intended." *Id. See also Thompson v. Thompson*, 93 N.C. App. 229, 232, 377 S.E.2d 767, 768-69 (1989) (trial court did not err in determining that parties' home was marital property where only competent evidence that a gift was not intended was donor's testimony); *Draughon v. Draughon*, 82 N.C. App. 738, 347 S.E.2d 871, *disc. review denied*, 319 N.C. 103, 353 S.E.2d 107 (1987) (although donor spouse testified that she did not intend a gift there was evidence to support trial court's finding that the property was marital). The offshoot of the majority's ruling today is that any naked testimony by a party which tends to support that party's claim of separate property in equitable distribution cases, will require a specific finding by the trial court that it has considered that specific part of the testimony. In *Coble v. Coble*, 300 N.C. 708, 268 S.E.2d 185 (1980), our Supreme Court required only that the trial court "make findings of those specific facts which support its ultimate disposition of the case . . . ." *Id.* at 712, 268 S.E.2d at 189. The *Coble* decision, in my opinion, does not require the trial judge to find facts regarding *all* evidence produced by a

party at trial. In instances such as the one at hand, where it is clear that the trial judge's determination that the property should be classified as marital was based on competent evidence, to require the court to make additional findings would place a needless burden on our trial judges.

For the reasons stated above, I similarly disagree with the majority that the testimony of the donor-plaintiff that he did not intend to make a marital gift of the 200, 12th Street lot requires an additional finding of fact because it was "some competent evidence to rebut the presumption of gift . . . ." Clearly, the evidence produced indicating that the property was titled by the entireties was sufficient to support the trial court's conclusion of law that the property was marital. Again, I would hold that the trial court did not err in determining that this property was marital where the only competent evidence that a gift was not intended was the plaintiff-donor's testimony.

## II.

## 100 Gold Krugerrands

Next, the majority concludes that the trial court erred in making the following classification:

> The 100 gold Krugerrands listed by the parties as being in the plaintiff's possession were purchased during the marriage (Pl. Ex. 123) and placed in a deposit box in the Bank of Nova Scotia branch in Toronto, Canada, with the joint right of withdrawal, based on the testimony of the defendant, and are marital property.

The plaintiff argues and the majority agrees that the precious metals held in a safety deposit box in Toronto, Canada are his separate property. However, the record contains evidence that the safety deposit box was held under the joint names of the plaintiff and defendant. The defendant had a key to the safety deposit box at all times and was able to go in and out of the box at will. Moreover, plaintiff was unable to sufficiently trace the source of the funds with which he contends that he purchased the precious metals. This is competent evidence to support the trial court's finding of fact that the precious metals were indeed marital property and not the plaintiff's separate property.

HAYWOOD v. HAYWOOD

[106 N.C. App. 91 (1992)]

## III.

### Defendant's Master's Degree

The majority upheld the trial court's finding that the defendant's master's degree in business and economics was not property for purposes of equitable distribution. With that portion of the majority opinion, I agree. However, the majority nonetheless concludes that the trial court erred in failing to make findings regarding the plaintiff's direct and indirect contributions to defendant's degree. For the following reasons, I dissent from that part of the majority's holding.

Generally, one spouse's contribution to the attainment of a professional degree by the other is a distributional factor to be considered under § 50-20(c)(7), and if the efforts are substantial they can warrant an unequal distribution of the marital assets. See Geer v. Geer, 84 N.C. App. 471, 353 S.E.2d 427 (1987). The party seeking an unequal division bears the burden of showing, by a preponderance of evidence, that an equal division would not be equitable. White v. White, 312 N.C. 770, 776, 324 S.E.2d 829, 832 (1985). Moreover, N.C. Gen. Stat. § 50-20(c)(7) requires only that the court consider "[a]ny direct or indirect contribution made by one spouse to help educate . . . the other spouse."

The majority cites Geer for the proposition that one spouse who makes sacrifices and career enhancing contributions to the other should be reimbursed for the direct and indirect costs incurred. In the Geer equitable distribution action, the husband and wife were divorced shortly before the wife obtained a medical degree. However, unlike the plaintiff in the case at bar, the husband in Geer was able to point to concrete examples of the sacrifices that he made for his wife's education, which included interrupting his career, moving to a different state for his wife to attend medical school, paying for his wife's medical school supplies, assuming a greater role in child care and homemaking activities. The plaintiff, in the case at bar, testified that he made "numerous sacrifices" for his wife although the only evidence of these sacrifices is a general list of household expenditures without any itemization of what each expenditure represented. The defendant testified that the plaintiff had never supported her and offered no direct financial contribution. This, in my opinion, was competent evidence to support the finding of fact by the trial court that

the plaintiff's contributions to the defendant's degree did not warrant an unequal distribution of the marital assets.