HELEN S. TAYLOR v. JAMES H. TAYLOR

No. 885DC472

(Filed 30 December 1988)

**1. Divorce and Alimony § 30— equitable distribution—classification of property as marital—wife's testimony as basis**

In an equitable distribution proceeding where the wife offered an affidavit and testified concerning the classification of certain personal property as marital rather than separate, and the husband submitted a counter affidavit and cross-examined the wife at the hearing, the wife's evidence constituted the competent evidence necessary to sustain the trial judge's findings as to the character of the personal property.

**2. Divorce and Alimony § 30— equitable distribution—property conveyed by husband to husband and wife—marital property—improper standard of proof—harmless error**

Though the trial court erred in finding "by the greater weight of the evidence" that real property conveyed by the husband to himself and the wife as tenants by the entirety was marital property, such error was harmless where the husband failed to rebut the marital presumption by clear, cogent and convincing evidence, and no intention was expressed in the deed that the property was to remain the husband's separate property.

**3. Divorce and Alimony § 30— equitable distribution—status of real property—further findings of fact required**

Because it could not effectively be determined whether certain real property in fact belonged to the marriage, and if it did, whether defendant should have been assigned the sole obligation of paying off its debt, the case is remanded for further findings of fact.

**4. Divorce and Alimony § 30— evidence of parties' income and health—no findings made—equal division of marital property improper**

Because the judgment in an equitable distribution proceeding did not contain any findings about the parties' health and income, even though evidence on these matters was brought forth at trial, the order of equal division of marital property is vacated.

**5. Divorce and Alimony § 30— equitable distribution—husband's lawsuit against former employer—wife awarded improper share of future judgment**

The trial court in an equitable distribution proceeding erred in finding that plaintiff wife would be entitled to one-half of any amounts recovered by

defendant for lost wages and medical expenses as a result of his lawsuit against his former employer, since such award should have been limited to one-half of any monies representing reimbursement for defendant's lost wages and medical expenses incurred prior to the parties' separation.

APPEAL by defendant from *Charles E. Rice, III, Judge.* Judgment entered 18 December 1987 in District Court, NEW HANOVER County. Heard in the Court of Appeals 3 November 1988.

*Sperry and Cobb by George H. Sperry for plaintiff-appellee.*

*Shipman and Lea by Gary K. Shipman for defendant-appellant.*

BECTON, Judge.

This is an appeal challenging the trial court's classification and distribution of the parties' marital property under the Equitable Distribution Act, N.C. Gen. Stat. Sec. 50-20 (1987). From a judgment ordering equal distribution of certain real and personal property classified as marital property, defendant appeals. We affirm in part, vacate and remand in part.

I

The plaintiff-appellee, Helen S. Taylor, and the defendant-appellant, James H. Taylor, married on 23 June 1974. The couple separated on 12 October 1985 and divorced on 14 November 1986.

On 23 and 24 March 1987, the trial court heard and received evidence on the Taylors' respective claims for equitable distribution of their marital property. The evidence, presented in the form of testimony from the parties and other witnesses, and in the form of books, records, reports, affidavits, and stipulations, produced "complexities of . . . issues" that caused the judge to take the matter under advisement at the conclusion of the hearing. He entered judgment approximately nine months later, on 18 December 1987. We will summarize those parts of the judgment, and the evidence relevant to them, that most directly involve the issues now on appeal.

A. *Classification of the Personal Property*

Helen Taylor filed with the court, and testified from, an Equitable Distribution Affidavit. The affidavit listed under "Item #5"

two pieces of personalty Ms. Taylor claimed as belonging to her. These items, along with a wall clock that was a birthday gift from Ms. Taylor's mother, were found by the judge to constitute Helen Taylor's separate property. The judge found as fact that Helen Taylor's separate property had a net market value of $80. He found that James Taylor "may have some separate property[,] but the evidence is so elusive the court cannot find as a fact what his separate property would be."

"Item #7" on the affidavit consisted of a four-page list of household furnishings and tools that Ms. Taylor averred "[were] marital property on the date of separation." This list detailed the articles, several of which Ms. Taylor claimed to have been inter-spousal gifts and wedding gifts, their dates of acquisition, and their value as of the date the Taylors separated.

At the hearing, James Taylor's attorney questioned Ms. Taylor about the household furniture. She acknowledged that Mr. Taylor "had . . . furnished" their residence prior to the marriage, but she claimed that the items listed on her affidavit were purchased after the Taylors had married. Mr. Taylor testified at the hearing that Ms. Taylor might have acquired "a few pots and pans" during the marriage but that the residence was otherwise "fully stocked . . . when she moved in."

Ms. Taylor also claimed that sundry tools were marital property. She acknowledged that Mr. Taylor had owned tools prior to the marriage and that she had purchased "about four or five" tools for him as gifts. Seeking to contradict her, Mr. Taylor testified he had purchased some of the tools prior to the marriage, claimed the Taylors did not possess various tools Helen Taylor had included on her affidavit, and claimed others had been gifts from Ms. Taylor.

B. *Classification of the Real Property*

The judge found as a fact that all of the real property the Taylors owned—two houses, a 20-acre tract of land, and three vacant lots—were marital property.

The evidence of both parties tended to show that the Taylors' marital residence, at 210 Bermuda Drive in Wilmington, had been Mr. Taylor's residence during a previous marriage. To acquire his former wife's interest in the house and its adjacent

lot, Mr. Taylor paid her $2,115.73. On 15 January 1976, Mr. Taylor deeded the house and lot to himself and Helen Taylor to hold as tenants by the entirety.

The evidence also showed that on 7 October 1985, Mr. Taylor used $5,000 of marital funds as a down payment on a house and land at 541 Castle Hayne Road. The purchase price of this property was $38,000; the financing arrangement apparently called for payment of the $33,000 balance by October 1986. Title to the Castle Hayne property was taken in Mr. Taylor's name only; Ms. Taylor signed a document on 4 October 1985 releasing her marital interest in the property.

In September 1986, Mr. Taylor borrowed approximately $32,000 from a third-party tenant of the Castle Hayne Road property in order to pay off the original note. At the hearing, the tenant testified she had borrowed $25,000 from the Wachovia Bank to enable her to make the loan to Mr. Taylor and that, in lieu of rent, she made monthly payments to the bank. Mr. Taylor testified that the original lienholders had not yet cancelled the deed of trust and that there were a "few thousand dollars" still owing on the note. He testified further that he had given a second deed of trust to the tenant as security for her loan to him.

C. Pending Litigation

The judge found as fact that both parties had been gainfully employed since the marriage, but that James Taylor had lost his job and had a lawsuit pending against his former employer for wrongful termination. The judge further found that "if [Mr. Taylor] receives any monies from that lawsuit that are reimbursed him for medical expenses or los[t] wages . . . [Helen Taylor] is entitled to one-half of said funds."

D. The Judgment

The judge valued the personal marital property at $23,252. He appended to the judgment two lists, one entitled "Wife Property," the other "Husband Property." These lists described the personalty, dates of acquisition, and value as of the date of separation. The property awarded to Helen Taylor totaled $11,626, as did the property awarded to James Taylor.

Deeming all of the realty to be marital property, the judge ordered the property sold, with the proceeds to be divided equal-

ly between the parties. He directed James Taylor to pay, from separate funds, the balance owing on the original $33,000 encumbrance on the Castle Hayne Road property prior to that property's sale.

James Taylor appeals from the judgment.

## II

Equitable distribution follows a statutorily-prescribed formula. The trial court first classifies the property as marital or separate; next, it determines the marital property's net value; last, it distributes that property between the parties. *E.g., Cable v. Cable*, 76 N.C. App. 134, 137, 331 S.E. 2d 765, 767 (1985), *disc. rev. denied*, 315 N.C. 182, 337 S.E. 2d 856 (1985). Mr. Taylor acknowledges in his brief that trial courts have broad discretion in making an equitable distribution. *See White v. White*, 312 N.C. 770, 777, 324 S.E. 2d 829, 833 (1985). He further recognizes that if the judge's adequate findings of fact are supported by competent evidence, we will not disturb the judgment on review unless the appellant shows a clear abuse of discretion. *See Johnson v. Johnson*, 78 N.C. App. 787, 790, 338 S.E. 2d 567, 569 (1986). Notwithstanding, Mr. Taylor argues on appeal that the trial judge incorrectly classified the marital and separate property and inequitably distributed the property found to be marital. We shall address each contention in turn.

## III

In his brief, Mr. Taylor has abandoned voluntarily two assignments of error. Of the twelve assignments remaining, ten address the classification issue. The gist of Mr. Taylor's argument is that he brought forth enough evidence at the equitable distribution hearing to have allowed the trial judge to identify the tools and household furnishings as being Mr. Taylor's separate property and to identify the Bermuda Drive and Castle Hayne Road houses as being marital property in part and Mr. Taylor's separate property in part. Because Mr. Taylor has challenged the judge's findings of fact in this way, our review will be limited to the question whether *any* competent evidence in the record sustains the court's findings. *See Nix v. Nix*, 80 N.C. App. 110, 112, 341 S.E. 2d 116, 118 (1986).

## A. *The Personal Property*

[1] N.C. Gen. Stat. Sec. 50-20(b) (1987) defines marital and separate property. The former is, in part, "all real and personal property acquired by either spouse or both spouses during the course of the marriage." N.C. Gen. Stat. Sec. 50-20(b)(1). Separate property is, partly, "all real and personal property acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage." N.C. Gen. Stat. Sec. 50-20(b)(2).

The findings of the trial judge as to the character of the Taylors' personal property are culled from Helen Taylor's affidavit. The lists of "Wife Property" and "Husband Property" show that the judge accepted the averments of the affidavit and believed Ms. Taylor's testimony. Mr. Taylor had every equal opportunity to present his case for the judge's consideration. Mr. Taylor submitted a counter affidavit and cross-examined Ms. Taylor at the hearing. The core of Mr. Taylor's argument is that insufficient weight was accorded his evidence by the trial judge. However, "[t]he mere existence of conflicting evidence . . . [does] not justify reversal." *Lawing v. Lawing*, 81 N.C. App. 159, 163, 344 S.E. 2d 100, 104 (1986) (citation omitted).

In *Lawing*, the defendant husband assigned error to the trial judge's valuation of a ring. Both the husband and wife submitted affidavits delineating what they claimed to be the marital personalty, and each assigned value to that property. The plaintiff wife valued the ring at $5,000 while the husband estimated it to be worth $750. No other evidence was proffered concerning the ring's value. The judge valued the ring at $5,000. We said that "under the any competent evidence standard, [the wife's] affidavit clearly sufficed to support the trial court's finding as to the ring's value." *Id.* (citation omitted). This case differs from *Lawing* in that Mr. Taylor has assigned error to the trial court's classification, not its valuation, of the personalty. Notwithstanding, the same standard we utilized in *Lawing* applies here. The record indicates that the evidence in this case was at times confusing, at times contradictory, and at all times complicated. Still, we find in the record the competent evidence necessary to sustain the trial judge's findings as to the character of the personal property. That competent evidence was proffered by Ms. Taylor in her affidavit and testimony. We find no error.

Taylor v. Taylor

B. *The Real Property*

[2] The Bermuda Drive house and lot, although acquired separately by Mr. Taylor, were conveyed by him to himself and Helen Taylor as tenants by the entirety. This conveyance raised a presumption that Mr. Taylor had given the property as a gift to the marriage. *See McLeod v. McLeod,* 74 N.C. App. 144, 154, 327 S.E. 2d 910, 916-17 (1985), *cert. denied,* 314 N.C. 331, 333 S.E. 2d 488 (1985); *McLean v. McLean,* 323 N.C. 543, 374 S.E. 2d 376 (1988). Mr. Taylor bore the burden of rebutting that presumption by clear, cogent, and convincing evidence; otherwise, the property could be considered separate " 'only if such an intention [was] stated in the conveyance.' " *McLean,* slip op. at 13 (quoting N.C. Gen. Stat. Sec. 50-20(b)(2) ). Mr. Taylor testified at the hearing that Ms. Taylor had been "on [his] back continuously" about making the conveyance, and he finally had acquiesced to "make a go of the marriage."

The trial judge found "by the greater weight of the evidence" that the Bermuda Drive property was marital property. This implies the trial court required Ms. Taylor to prove by a preponderance of the evidence that the Bermuda Drive property was maritally owned property. This was obviously error, but on the facts in this case, we find the error was harmless. There is no evidence in the record to support a finding that the property was to remain the separate property of the husband, and thus the failure of the trial court to enter a finding that Mr. Taylor did not rebut the marital presumption by clear, cogent and convincing evidence is harmless. Furthermore, there is no "intention" in the deed to the parties as tenants by the entirety that the property was to remain Mr. Taylor's separate property, and, therefore, the trial judge correctly included the Bermuda Drive property among the marital assets. Accordingly, we do not disturb the trial court's classification of this property as marital property.

[3] Mr. Taylor argues that the judge could not logically have found the Castle Hayne Road property to be wholly marital property while, at the same time, ordering Mr. Taylor to satisfy the original lienholder out of separate funds. As to this property alone, we vacate and remand for further findings. As our Supreme Court stated in *Coble v. Coble,* "Effective appellate review of an order entered by a trial court sitting without a jury is large-

ly dependent upon the specificity by which the order's rationale is articulated." 300 N.C. 708, 714, 268 S.E. 2d 185, 190 (1980). The judgment in the present case contains only the most general findings of fact about the Castle Hayne Road property. The judgment merely recites that "[Mr. Taylor] put an encumbrance on . . . [the] property after separation to pay off the first encumbrance" and "that there should only be one encumbrance at the time of the separation in the amount of $33,000." We have examined the record, and we cannot infer the trial court's rationale in classifying this property as marital. Because it cannot effectively be determined whether Castle Hayne Road property in fact belongs to the marriage, and, if it does, whether Mr. Taylor should have been assigned the sole obligation of paying off its debt, we remand for further findings of fact.

IV

[4] Mr. Taylor next challenges the trial court's equal division of the marital property. He argues that the evidence in this case established that an unequal division of the property was more equitable than the distribution the trial court made. Mr. Taylor bases his contention on an alleged disparity of income between himself and Helen Taylor, and on his claim that he is permanently and partially disabled.

Our Equitable Distribution Act makes mandatory equal division of marital property unless the court determines that such division is inequitable. *White*, 312 N.C. at 776, 324 S.E. 2d at 832. In making this determination, the court must consider the twelve statutory factors listed at Section 50-20(c). *See Alexander v. Alexander*, 68 N.C. App. 548, 551, 315 S.E. 2d 772, 775 (1984). Two of these factors are the income of the parties and their physical health. N.C. Gen. Stat. Sec. 50-20(c)(1), (3).

If, at an equitable distribution hearing, evidence concerning the income and health of the parties tends to show that an equal division of the marital property is inequitable, the trial court must make findings of fact as to these factors. *Armstrong v. Armstrong*, 322 N.C. 396, 405, 368 S.E. 2d 595, 600 (1988). The judgment in this case is barren of any findings about the Taylors' health and income, even though evidence on these points was brought forth at the trial. Consequently, we must vacate the order of equal division of the marital property. On remand, we

Taylor v. Taylor

direct the trial judge to support whatever judgment he renders with findings of fact addressing the Taylors' incomes and health.

V

[5] James Taylor assigns error to the trial court's finding that Helen Taylor will be entitled to "one-half" of any amounts recovered by Mr. Taylor for lost wages and medical expenses as a result of his lawsuit against his former employer. Mr. Taylor contends, and Ms. Taylor stipulates, that the wording of the finding allows Ms. Taylor to a share of the portion that might be awarded for post-separation medical expenses and lost wages. Accordingly, we vacate and remand with instructions that Ms. Taylor is entitled to a claim against one-half of any monies which represent reimbursement for Mr. Taylor's lost wages prior to the parties' separation and those reimbursing him for medical expenses incurred prior to separation. *See Johnson v. Johnson,* 317 N.C. 437, 454, 346 S.E. 2d 430, 439-40 (1986).

VI

The judgment of the trial court classifying the personal property is affirmed. That portion of the judgment classifying the house at 210 Bermuda Drive, three vacant lots, and a 20-acre tract of land as marital property is affirmed. That portion of the judgment classifying the property at 541 Castle Hayne Road as marital and ordering Mr. Taylor to satisfy the initial encumbrance from his separate funds is vacated and remanded for further findings. That portion of the judgment ordering equal division of the Taylors' marital assets is vacated and remanded for further findings pursuant to Section 50-20(c). Finally, should Mr. Taylor recover any monies from his former employer as reimbursement for lost wages and/or medical expenses, Ms. Taylor may claim only one-half of the amount that represents compensation up to the date of the Taylors' separation.

Affirmed in part, vacated and remanded in part.

Judges EAGLES and GREENE concur.