BEVERLY MOSS BAYLER, Plaintiff
v.
JOHN KENNETH BAYLER, III, Defendant
No. COA06-261
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Law Offices of J. Calvin Cunningham, by J. Calvin Cunningham and Nicholas D. Wilson, for plaintiff-appellee.
Jon W. Myers for defendant-appellant.
CALABRIA, Judge.
John Kenneth Bayler, III ("defendant") appeals from an equitable distribution judgment ordering an unequal distribution of marital property. We affirm in part and remand in part.
Defendant and Beverly Moss Bayler ("plaintiff") were married 10 July 1966, separated 24 January 2002, and divorced 13 July 2003. The two children born during their marriage have reached the age of majority. At the time the parties separated, they owned two houses: their primary residence located at 2716 Lafayette Place, High Point, North Carolina ("the High Point home") and a vacation home located at 135 Buchannon Circle, Susama, Florida ("the Florida home"). After the separation, plaintiff acquired exclusive use of the High Point home and the parties shared use of the Florida home. Upon retirement, the parties had planned to use the Florida home as their primary residence.
In the Equitable Distribution Pre-Trial Order, the parties stipulated to the value and distribution of the majority of the marital property. While the parties disagreed on the value and distribution of some of their marital property, the main contention between them was the value of the Florida home.
During the equitable distribution hearing, both parties presented evidence in support of an unequal distribution of marital property. Plaintiff presented evidence regarding postseparation mortgage payments and maintenance for the High Point home as well as evidence of maintenance for the Florida home. Defendant presented evidence of postseparation tax, utility and maintenance payments for the Florida home. Defendant also presented evidence of the time, labor, and money that he invested in the High Point home before the parties separated to support his contention for an unequal distribution. The trial court found that the maintenance performed by plaintiff after the parties separated was the only factor which supported an unequal distribution of marital property. The trial court awarded plaintiff a credit of $12,288.66 to be paid from defendant's share of the proceeds from the sale of the High Point home. The trial court also found that defendant subsequently stipulated that an equal distribution of the parties' estate was equitable and further found that the evidence presented by defendant did not warrant an unequal distribution of property in his favor. The trial court then awarded the remaining marital property to the parties based upon stipulations by the parties and an equitable distribution of the property. Defendant appeals.
We begin by addressing defendant's contention that the trial court erred by awarding plaintiff the Florida home. Defendant argues the trial court erred by finding that the parties stipulated plaintiff should receive the Florida home. We agree.
"[I]n equitable distribution actions, our courts favor written stipulations which are duly executed and acknowledged by the parties." Heath v. Heath, 132 N.C. App. 36, 39, 509 S.E.2d 804, 805 (1999) (internal citations omitted) (emphasis in original). "Oral stipulations, however, are binding if the record affirmatively demonstrates: (1) the trial court read the stipulation terms to the parties, and (2) the parties understood the effects of their agreement." Id. (internal citations omitted) (emphasis in original).
The trial court awarded plaintiff the marital property listed in Exhibit III of the judgment which included the Florida home. The trial court found that the parties stipulated the plaintiff would receive the items listed in Exhibit III. However, there is no evidence in the record of a written stipulation by the parties regarding the Florida home. In fact, upon review of the Pre-Trial Order, the Florida home was included on Schedule D. Schedule D of the Pre-Trial Order is the schedule that lists the balance of the marital property for discussion or litigation on value and distribution. The parties never agreed and never stipulated to the value or the distribution of the Florida home. Further, upon thorough review of the transcript, there is no evidence of an oral stipulation by the parties that plaintiff was to receive the Florida home. Without any evidence of either a written or an oral stipulation regarding the Florida home, the trial court's finding that plaintiff was to receive the Florida home, as stipulated, was not supported by competent evidence.
We also note that the trial court did not award plaintiff the Florida home as part of an unequal distribution of property. Regarding the matter of an unequal distribution of property, the trial court clearly stated that it considered the evidence presented by plaintiff in support of an unequal distribution and only found the evidence of postseparation payments and maintenance to be relevant. The trial court specifically found that plaintiff was entitled to "a credit in the amount of $12,288.66 for maintenance of the parties' real estate" and that no "other factor is present to warrant an unequal distribution in favor of the Plaintiff except as stated above." Because there is no evidence in the record or transcript of a written or oral stipulation by the parties regarding the Florida home and because the trial court did not award the Florida home to the plaintiff as part of an unequal distribution, we must remand to the trial court for adequate findings of fact regarding the distribution of the Florida home.
Defendant next argues the trial court abused its discretion by failing to give defendant credit for postseparation payments and maintenance of the Florida residence. "A spouse is entitled to some consideration, in an equitable distribution proceeding, for any post-separation payments made by that spouse (from non-marital or separate funds) for the benefit of the marital estate." Walter v. Walter, 149 N.C. App. 723, 731, 561 S.E.2d 571, 576-77 (2002). "If the property is distributed to the spouse who did not . . . make post-separation payments relating to the property's maintenance (i.e. taxes, insurance, repairs), the . . . payments must be considered as either a credit or distributional factor." Id., 149 N.C. App. at 732, 561 S.E.2d at 577. Because it is necessary to remand to the trial court to make findings regarding the distribution of the Florida home, we need not fully address defendant's contention. We do note that, upon remand, the trial court must also make adequate findings regarding postseparation payments made by defendant for the Florida home.
Defendant also argues that the trial court abused its discretion by allowing plaintiff credit for debt payments and maintenance to the High Point and Florida homes and by using the same factors to award an unequal distribution. We disagree.
"The manner in which the court distributes or apportions marital debts, which necessarily includes taking into consideration payments made after the date of separation towards those debts, is a matter committed to the discretion of the trial court." Smith v. Smith, 111 N.C. App. 460, 510, 433 S.E.2d 196, 226 (1993), rev'd on other grounds, 336 N.C. 575, 444 S.E.2d 420 (1994). The trial court may treat the postseparation payments made towards marital debts as distributional factors, order one spouse to reimburse the other spouse for payments made towards the debt, or credit the spouse in an appropriate manner for postseparation payments made. See id., 111 N.C. App. at 510, 433 S.E.2d at 226; Loving v. Loving, 118 N.C. App. 501, 455 S.E.2d 885 (1995); Hay v. Hay, 148 N.C. App. 649, 559 S.E.2d 268 (2002).
In the case before us, the trial court, in its discretion, determined that the plaintiff was entitled to an unequal distribution of the marital assets based upon the payments she made for the mortgage, insurance, and property taxes for the High Point home, as well as money she expended for the maintenance of both the High Point and the Florida homes. The trial court then awarded an unequal distribution of the marital assets to the plaintiff based upon the postseparation payments in the form of a credit plaintiff would receive upon the sale of the High Point home. The trial court found that plaintiff had presented evidence in support of an unequal distribution under N.C. Gen. Stat. § 50-20(c)(11a) and based upon this evidence awarded plaintiff a credit in the amount of $12,288.66. The trial court did not, as defendant contends, "double compensate" plaintiff for the postseparation payments she made. Moreover, it was within the trial court's discretion to determine the most equitable treatment of the postseparation payments made by plaintiff. The trial court did not abuse its discretion by awarding plaintiff a credit as compensation for postseparation payments and maintenance. This assignment of error is overruled. Defendant further argues that the trial court should have considered plaintiff's postseparation use of the High Point home and awarded defendant credit based upon plaintiff's use of the home. Defendant, however, did not assign error to the trial court's failure to consider plaintiff's postseparation use of the High Point home and, as such, we will not consider defendant's argument.
In his next two assignments of error, defendant argues that the trial court erred by abusing its discretion in failing to give defendant credit for maintenance of the parties' hurricane boat and in classifying the miscellaneous tools as marital property. We disagree.
"The General Assembly has committed the distribution of marital property to the discretion of the trial courts, and the exercise of that discretion will not be disturbed in the absence of clear abuse." Lawing v. Lawing, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986). "Accordingly, the trial court's rulings in equitable distribution cases receive great deference and may be upset only if they are so arbitrary that they could not have been the result of a reasoned decision." Id. "The mere existence of conflicting evidence or discrepancies in evidence will not justify reversal." Id., 81 N.C. App. at 163, 344 S.E.2d at 104. Further, "[t]his Court has held that the `any competent evidence standard' applies in an equitable distribution action." Munn v. Munn, 112 N.C. App. 151, 156, 435 S.E.2d 74, 77 (1993) (quoting Taylor v. Taylor, 92 N.C. App. 413, 418, 374 S.E.2d 644, 647 (1988)). This means "the testimony of one party may suffice to support the trial court's findings as to classification." Id.
In the case before us, there was conflicting evidence regarding whether the miscellaneous tools were acquired by defendant before marriage and thus were separate property or whether the tools were acquired by defendant after marriage and should be classified as marital property. The trial court, in its discretion, determined that the tools were marital property and its decision was supported by competent evidence in the record. Also, conflicting evidence was presented regarding maintenance of the parties' hurricane boat. It was within the discretion of the trial court to determine, based on the evidence presented, whether the maintenance to the hurricane boat was necessary. The trial court's decision was not so arbitrary that it could not have been the result of a reasoned decision. Therefore these assignments of error are overruled.
Affirmed in part, remanded in part.
Chief Judge MARTIN and Judge TYSON concur.
Report per Rule 30(e).