LEON A. LILLY v. JEANNINE A. LILLY

No. 9228DC344

(Filed 15 September 1992)

**1. Divorce and Separation § 130 (NCI4th)— insurance settlement—wife's separate property**

The trial court did not err in finding that a $25,000 insurance settlement was defendant wife's separate property where there was competent evidence in the record indicating that defendant suffered no economic loss in her employment and that the settlement was compensation only for her pain and suffering.

**Am Jur 2d, Divorce and Separation § 913.**

**2. Divorce and Separation § 125 (NCI4th)— separate property deposited in joint account—no expressly stated intention—property not marital**

There was no merit to plaintiff husband's contention that a $25,000 insurance settlement which was originally the separate property of the wife became marital property when defendant wife deposited it into the parties' joint checking account, since the deposit did not constitute an expressly stated intention that the property be considered marital. N.C.G.S. § 50-20(b)(2).

**Am Jur 2d, Divorce and Separation § 890.**

APPEAL by plaintiff from judgment entered 6 November 1991 by *Judge Gary S. Cash* in BUNCOMBE County District Court. Heard in the Court of Appeals 4 September 1992.

*DeVere C. Lentz & Associates, by John M. Olesiuk, for plaintiff-appellant.*

*John E. Shackelford for defendant-appellee.*

GREENE, Judge.

Plaintiff (Husband) appeals from an equitable distribution judgment entered 6 November 1991.

The evidence before this Court reveals that the parties were married on 24 May 1975 and separated on 10 July 1989. On 28 August 1987, prior to the separation of the parties, defendant (Wife)

was involved in an automobile accident in which she sustained serious injuries. Wife settled a personal injury claim with the tort-feasor's insurance company and received checks in the amount of $23,000.00 and $2,000.00 for "bodily injury," which she deposited into one of the parties' two joint checking accounts on 26 January 1988. Husband testified that "as well as I recall, [the checks were] made out to both of us." Wife, however, "[couldn't] say for sure" whether the checks were payable to her alone or to Wife and Husband jointly. Wife testified that she "thought that [the $25,000.00 settlement] was money that was from [sic] my pain and suffering." She further testified that she knew of no other expenses that were represented by the $25,000.00 "because we had an additional $5,000.00 coming from Aetna that—and $1,780.00 of that was paid to reimburse the insurance company for medical bills, so the total compensation was $30,000.00 from the two insurance companies, and the total medical was $1,785.00." Wife also stated that she lost no wages as a result of the accident. On 10 July 1989, Wife withdrew $28,000.00 from the joint account in which she had deposited the settlement proceeds.

After hearing the evidence, the trial court made the following finding:

> That prior to the separation of the parties, [Wife] was involved in a motor vehicle accident and was paid the sum of $25,000.00 and said amount was deposited in the joint account used by [Husband] and [Wife] and that [Wife] did remove from said account on July 10, 1989, the sum of $28,000.00, $25,000.00 of which was her separate property as it was proceeds from bodily injury, and there was no economic loss from said accident.

Based on this finding of fact, the trial judge concluded that the "$25,000.00 proceeds of the automobile accident . . . are the separate property of [Wife]." Husband appeals.

---

The issues presented are whether I) the trial court's finding that no economic loss resulted from Wife's accident and that therefore the $25,000.00 insurance settlement constitutes her separate property is supported by competent evidence; and II) the settlement became marital property by virtue of Wife's depositing the proceeds into the parties' joint bank account.

I

[1]   Husband argues that the trial court erred in finding that the $25,000.00 insurance settlement is Wife's separate property. According to Husband, the settlement is marital property. Wife contends that the money is her separate property.

The party claiming that property is marital has the burden of proving beyond a preponderance of the evidence that the property

(1) was acquired by either spouse or both spouses; and (2) was acquired during the course of the marriage; and (3) was acquired before the date of separation of the parties; and (4) is presently owned.

*Haywood v. Haywood*, 106 N.C. App. 91, 97, 415 S.E.2d 565, 569, *disc. rev. denied*, 331 N.C. 553, 418 S.E.2d 666 (1992) (citations omitted). If the party meets this burden, then "the burden shifts to the party claiming the property to be separate to show by a preponderance of the evidence that the property meets the definition of separate property . . . ." *Id.*

In the instant case, Husband testified that the $25,000.00 in insurance proceeds was acquired by both spouses on 26 January 1988, while the parties were married and before their separation on 10 July 1989. Husband's evidence also established that the proceeds were "presently owned" since the money was still in the parties' joint account on the date of separation. *See Talent v. Talent*, 76 N.C. App. 545, 553, 334 S.E.2d 256, 261-62 (1985) ($68,000 in savings accounts and certificates of deposit was "presently owned" under Section 50-20(b)(1) since it was owned by the parties on the date of separation). Wife testified that she suffered no lost wages as a result of her injuries, that her medical expenses were covered in a separate payment from Aetna, and that the $25,000.00 settlement was compensation solely for her pain and suffering.

Although, based on his evidence, Husband technically met his burden of proving that the insurance proceeds were marital property, the characterization of a spouse's personal injury settlement as marital or separate property depends on what the award was intended to replace. *Johnson v. Johnson*, 317 N.C. 437, 346 S.E.2d 430 (1986).

The portion of an award representing compensation for non-economic loss — i.e., personal suffering and disability — is the

LILLY v. LILLY

[107 N.C. App. 484 (1992)]

> separate property of the injured spouse; the portion of an
> award representing compensation for economic loss — i.e., lost
> wages, loss of earning capacity during the marriage, and medical
> and hospital expenses paid out of marital funds — is marital
> property.

*Id.* at 447-48, 346 S.E.2d at 436 (citations omitted). In addition,
any part of an award compensating a non-injured spouse for loss
of consortium is the separate property of the non-injured spouse.
*Id.* at 452-53, 346 S.E.2d at 439. Because Wife's evidence established
that the $25,000.00 settlement represented compensation for pain
and suffering, Wife met her burden of proving that the proceeds
were her separate property. The trial court made a finding consist-
ent with Wife's evidence and allocated the settlement in accordance
with *Johnson.* There is competent evidence in the record indicating
that Wife suffered no economic loss in her employment and that
the settlement was compensation only for her pain and suffering,
and therefore we are bound by the trial court's finding. *See Nix
v. Nix,* 80 N.C. App. 110, 112, 341 S.E.2d 116, 118 (1986) (appellate
court bound by trial court's findings of fact if there is any compe-
tent evidence in the record to support them). Therefore, Husband's
assignment of error in this regard is overruled.

II

[2]  Husband argues that even if the $25,000.00 insurance settle-
ment was originally the separate property of Wife, it was
"transmuted into marital property" as a result of Wife's having
deposited it into the parties' joint checking account.

Under N.C.G.S. § 50-20(b)(2), "property acquired in exchange
for separate property shall remain separate property regardless
of whether the title is in the name of the husband or wife or
both and shall not be considered to be marital property unless
a contrary intention is expressly stated in the conveyance." N.C.G.S.
§ 50-20(b)(2) (1987 & Supp. 1991). Wife's evidence established that
the $25,000.00 insurance settlement was her separate property and
that she did not intend for it to be marital property. The fact
that she deposited and kept the settlement proceeds in the parties'
joint account does not, pursuant to the requirements of Section
50-20(b)(2), constitute an expressly stated intention that the proper-
ty be considered marital. *See Haywood,* 106 N.C. App. at 98, 415
S.E.2d at 570 (fact that husband stored coins, which were his separate
property, in joint safety deposit box was not an express "contrary

intention in the conveyance that the coins be considered to be marital property").

Because competent evidence exists to support the trial court's finding that the insurance settlement did not compensate Wife for economic loss and is therefore Wife's separate property, and because Wife met her burden of proving that, although her settlement was deposited in the parties' joint account, it remained her separate property, the judgment of the trial court is

Affirmed.

Judges ARNOLD and PARKER concur.