WAYNE ROBIN JOHNSON, Plaintiff v. SANDRA E. JOHNSON, Defendant

No. 9410DC227

(Filed 20 December 1994)

**Divorce and Separation § 129 (NCI4th)— equitable distribution—disability retirement benefits—separate property**

Evidence in an equitable distribution action was sufficient to support the trial court's conclusion that plaintiff's "disability retirement benefits" above $97.75 per month which he began to receive during the course of the marriage were his separate property, since the benefits would cease if plaintiff recovered from his disability and they were thus intended to reimburse plaintiff for his loss of earning capacity due to his disability.

**Am Jur 2d, Divorce and Separation §§ 905 et seq.**

**Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.**

Appeal by defendant from order entered 3 September 1993 by Judge Joyce A. Hamilton in Wake County District Court. Heard in the Court of Appeals 20 October 1994.

Plaintiff and defendant married in November 1974 and separated after almost twelve years of marriage on 15 June 1986. They were divorced 14 October 1987. On 1 September 1971, plaintiff began working for the City of Raleigh as a firefighter. He became a member of the

JOHNSON v. JOHNSON

[117 N.C. App. 410 (1994)]

Local Governmental Employees Retirement System and began to make regular contributions to the employees' retirement fund as required by G.S. 128-27. Plaintiff continued to work as a firefighter until September 1983 when he took full disability retirement because of glaucoma. At that time, plaintiff began receiving monthly "disability retirement benefits."

After plaintiff and defendant separated, a dispute arose as to whether the "disability retirement benefits" should be classified as marital or separate property for equitable distribution purposes. The trial court noted in its equitable distribution order that the issue concerning the proper characterization of disability benefits was one of first impression in North Carolina. The court then adopted an analytic approach to characterizing the property and made the following findings:

> That the portion of the monthly disability benefits received by [plaintiff] which represent his contributions during the period of his employment while married to [defendant] represents marital property. . . . That the portion of monthly disability benefits which [plaintiff] receives which represents contributions made by him during his employment but prior to the date of the marriage, and all interest thereon, is separate property. . . . That the increased monthly disability benefits received by [plaintiff] which is due to his medical disability is deemed by this Court to replace his loss of future income, and is therefore [plaintiff's] separate property."

From the evidence presented, the trial court determined that the portion of the monthly benefits that represented the accumulated contribution that plaintiff had made to his retirement fund before he took full disability retirement was $97.75 per month. The trial court then stated that the present value of the marital portion of plaintiff's disability benefits was $9,830.00 and that defendant was entitled to one-half of this portion.

Defendant appeals.

*Gary S. Lawrence and John H. McWilliam, for plaintiff-appellee Wayne Robin Johnson.*

*Meredith J. McGill, for defendant-appellant Sandra E. Johnson.*

EAGLES, Judge.

Defendant argues on appeal that the "disability retirement benefits" retained their classification as marital property even though dis-

ability rather than age caused plaintiff's retirement. G.S. 50-20(b)(1) classifies vested "pension, retirement, and other deferred compensation rights" as marital property. Whether "disability retirement benefits" fall within the definition of marital property is an issue of first impression in North Carolina. We have carefully considered defendant's contentions but are not persuaded and accordingly, we affirm.

Different jurisdictions have adopted different methods for determining whether to label property as marital or separate. Our Supreme Court has adopted an analytic approach for classifying personal injury awards. Under the analytic approach, the key to determining whether benefits are separate property rather than marital property is to ask what plaintiff's benefits were intended to replace. *Johnson v. Johnson*, 317 N.C. 437, 446-47, 346 S.E.2d 430, 435 (1986). In *Johnson*, our Supreme Court found that a lump sum personal injury award could be classified as partially marital and partially separate property. *Id.* at 454, 346 S.E.2d at 440. There the court stated that courts which use the analytic approach "consistently hold that the portion of [a personal injury] award representing compensation for noneconomic loss—i.e., personal suffering and disability—is the separate property of the injured spouse; the portion of an award representing compensation for economic loss . . . during the marriage . . . is marital property." *Id.* at 437-38, 346 S.E.2d at 436. While damages paid to a spouse for personal injuries are not precisely the same as "disability retirement benefits" paid to a spouse, the two situations are in some respects analogous. Accordingly, the issue here, employing the analytic method, is whether the benefits that plaintiff received were truly disability benefits or were retirement benefits (compensation for economic loss).

Here, the trial court's pertinent findings of fact are:

[T]he local Governmental Employee's Retirement system under which the Plaintiff is covered is such that if . . . [p]laintiff obtains gainful employment, and earns on a monthly basis a sum greater than the difference between the amount . . . [p]laintiff was earning at the time of his retirement and the amount which . . . [p]laintiff is receiving in disability retirement, then . . . [p]laintiff's monthly disability award will be reduced dollar for dollar for each dollar earned by . . . [p]laintiff over and above the difference between his income while employed and his disability payment. . . . [I]f . . . [p]laintiff were to become gainfully employed earning the same amount he was earning at the time he was

placed on disability, then [he] would only receive the amount which he had contributed to his plan. . . . [S]hould . . . [p]laintiff recover from his disability and resume employment from a participating local governmental agency, then . . . [p]laintiff would receive no further disability benefits until such time as his normal retirement.

By employing the analytic method, the trial court found that the amount of plaintiff's "disability retirement benefits" above $97.75 per month was clearly attributable to his physical disability because it was intended to reimburse plaintiff for his loss of earning capacity due to his disability. Accordingly, the trial court found that this amount was plaintiff's separate property.

On appeal, our review is limited to whether there was any competent evidence to support the trial court's findings. *Taylor v. Taylor*, 92 N.C. App. 413, 417, 374 S.E.2d 644, 646 (1988). If there was competent evidence to support the findings, they are conclusive on appeal *"even though the evidence might sustain findings to the contrary." Matter Of Estate Of Trogdon*, 330 N.C. 143, 147, 409 S.E.2d 897, 900 (1991). Here, plaintiff presented evidence at the equitable distribution hearing that if plaintiff recovered from his disability and resumed employment with the City of Raleigh or a participating member in the Retirement System, plaintiff would no longer receive any "disability retirement benefits." Plaintiff would simply resume his contributions to the retirement fund like all other employees and would receive retirement benefits when he retired due to age or number of years of service.

There also was evidence that once an employee's right to retirement benefits vests (plaintiff's right to retirement benefits here vested after five years of service) and the employee retires, the employee "can earn any amount and it [will not] affect [the employee's] retirement benefit[s]." However, under the Local Governmental Employees Retirement System, plaintiff would stop receiving "disability retirement benefits" if plaintiff's disability ended. All of this evidence supports the conclusion that the "disability retirement benefits" are not true retirement benefits.

The better practice would have been for the trial court to specifically state that the monthly disability benefits received by plaintiff were due to his medical disability and were to replace his loss of earning capacity. Here, the trial court stated that the "disability retirement benefits" were "to replace [plaintiff's] loss of future income"

due to his disability. However, it is clear from all of the trial court's findings of fact that it found that the "disability retirement benefits" were to replace plaintiff's loss of earning capacity. Accordingly, we hold that the evidence presented at trial was sufficient to support the trial court's conclusion that plaintiff's "disability retirement benefits" above $97.75 per month are his separate property.

Cases from other jurisdictions are divided as to how disability benefits should be allocated. "Some states have held that they are similar in nature to personal injury awards and should be categorized under the same rules." Lawrence J. Golden, *Equitable Distribution of Property*, § 6.11 n. 123 (1983 & Brett R. Turner, Supp. 1993). Other states perceive the benefits as replacing lost earnings and as marital property. J. Thomas Oldham, *Divorce, Separation And The Distribution Of Property*, § 8.03[1] (1994). We agree with the states finding that disability benefits which truly compensate for disability are separate property.

For example, in *In re Marriage of Anglin*, 759 P.2d 1224 (Wash. Ct. App. 1988), the court found that the husband's benefits were "subject to review, and [could] be terminated if a medical examination determine[d] that the employee [was] no longer disabled." *Anglin*, 759 P.2d at 1228. From this evidence, the court found that the benefits were truly disability benefits rather than retirement benefits because the award was based solely on his disability. *Id.* at 1229. Accordingly, the court held that the disability benefits were the husband's separate property. *Id.* In *Dolan v. Dolan*, 562 N.Y.S.2d 875, 877 (1990), *aff'd*, 583 N.E.2d 908 (N.Y. 1991), a New York court analyzed payments designated as disability benefits and determined that a portion of the benefits awarded the husband was for length of service and was not truly disability compensation. However, the court also held that the portion of the disability benefits that actually compensated the husband for his physical disabilities was the husband's separate property. *Id.* Similarly, the trial court here recognized that a portion of the "disability retirement benefits" was based upon plaintiff's contribution to the state retirement fund and was not plaintiff's separate property. Like the cases above, the trial court here determined that the remainder of the benefits was plaintiff's separate property.

Public policy also supports our holding that benefits which are truly "disability" benefits should be the separate property of the disabled spouse. When a spouse contributes a portion of his monthly salary to a retirement fund, both spouses actually contribute marital

labor to this fund. If the spouse retires early and begins receiving retirement benefits, it follows that if the spouses divorce, the non-retired spouse still is entitled to a portion of those retirement benefits because that spouse contributed to their acquisition. Here, no marital labor contributed to plaintiff's acquisition of the "disability retirement benefits." Plaintiff did not contribute money specifically to a disability fund. Disability benefits are personal to the spouse who receives them and are that person's separate property.

When a party receives disability benefits after divorce arising from a disability that occurred during the marriage,

> it would be wise for courts to choose an analysis that will allow the award to go the spouse with the greatest need for the benefits. Courts generally should characterize such benefits as the separate property of the disabled spouse. The disabled spouse normally will have higher living expenses post-divorce than the other spouse, and frequently will not be able to earn a significant income.

J. Thomas Oldham, *Divorce, Separation And The Distribution Of Property*, § 8.03[2][e] (1994). This reasoning applies equally well where the disabled spouse begins receiving the benefits during the marriage.

Affirmed.

Judge ORR concurs.

Judge McCRODDEN concurred prior to 15 December 1994.