JEAN COOPER, Plaintiff-Appellee v. PAUL D. COOPER, Defendant-Appellant

No. COA00-518

(Filed 1 May 2001)

**1. Divorce— equitable distribution—marital debts—social security disability benefits—401(k) account**

The trial court erred in an equitable distribution case by awarding an equal division of the marital assets between the parties and the case is remanded because: (1) the trial court must make clarified findings as to the actual value of the marital debts and their division between the parties; (2) defendant husband's social security disability benefits should not have been valued in the marital estate since the benefits were not pension, retirement, and other deferred compensation rights under N.C.G.S. § 50-20(b)(1), and were not the result of any marital labor; and (3) a 401(k) account in defendant's name which was valued at $44,084.58 at the time defendant made a post-separation unilateral withdrawal of funds should not have been valued in the marital estate since the 401(k) account should not be assigned a marital estate value other than its value on the date of separation.

**2. Divorce— equitable distribution—interest on distributive award—discretion of trial judge**

The trial court did not err in an equitable distribution case by awarding interest on a distributive award to plaintiff wife because the decision lies within the discretion of the trial judge.

Appeal by defendant from judgment entered 31 August 1999 by Judge Peter Roda in Buncombe County District Court. Heard in the Court of Appeals 15 March 2001.

*Robert E. Riddle, P.A., by Robert E. Riddle, for plaintiff-appellee.*

*Hyler & Lopez, P.A., by George B. Hyler, Jr. and Ann Logan Swearingen, for defendant-appellant.*

TYSON, Judge.

Paul D. Cooper ("defendant"), appeals the trial court's equitable distribution judgment awarding an equal division of marital assets between defendant and Jean Cooper ("plaintiff").

The parties were married 17 April 1989. No children were born of the marriage. On 12 June 1998, the parties divorced, and plaintiff filed an action seeking equitable distribution. The matter was heard on 20 July 1999. The trial court entered an equitable distribution judgment dividing the marital property equally on 31 August 1999. The trial court made the following findings regarding the value of the marital property:

7. That during the marriage the parties acquired certain property as marital property and the court finds the marital estate to consist of the following assets with the following values . . .

(I) Debts to Wachovia Bank and First USA Bank Card totaling $10,985.31 . . .

(k) Certain Social Security benefits due the Defendant as retroactive payments in the amount of $2,600.00

(l) A 401k [sic] Account in the Husband's name with Cooper Enterprises containing $44,084.58 at the time of Defendant's withdrawal of said funds . . .

8. That the total value of the marital estate is $87,980.56 . . .

10. That the parties had two credit card debts at the time of the separation, Wachovia Bank Card in the balance of $7,653.00, and First USA Bank Card in the balance of $9,095.00. The total of the two debts was $16,845.00 . . .

11. That following the separation of the parties the Wife serviced the two Credit Cards, Wachovia Bank and First USA and made payments on the date of separation balances in the amount of $3,401.00; that the Defendant made payment on said debts in the amount of $233.00 following the separation.

With respect to the division of assets, the trial court made the following findings of fact:

COOPER v. COOPER

[143 N.C. App. 322 (2001)]

17. . . . that the Defendant has an income of $3,215.00 per month net income as compared to the Plaintiff's taxable income of approximately $23,000 in 1998. The Court has considered the length of the marriage, to wit: 8 years . . . . The [Defendant] is 50 years of age and disabled but receiving Social Security Disability. The [Plaintiff] is 47 years of age and is in generally good health. The plaintiff obtained a real estate license during the marriage but did her classes at night while she was working and earning an income. The Plaintiff offered evidence of her contributions to the marital estate by way of assuming most of the household responsibilities and the Defendant's unilateral withdraw of the 401k [sic] funds. Considering all of these factors the Court finds that they do not weigh in either parties' favor and that an equal division of the marital estate is equitable.

[1] Defendant argues that the trial court's findings of fact with respect to the marital debts, Social Security benefits, 401(k) plan, and total value of the marital estate are erroneous, and are unsupported by competent and substantial evidence in the record. We agree and remand for further findings on the value of the marital estate to be divided.

### Valuation of the Marital Estate

A trial court is "vested with wide discretion in family law cases, including equitable distribution cases." *Wall v. Wall*, 140 N.C. App. 303, 307, 536 S.E.2d 647, 650 (2000) (citing *Beightol v. Beightol*, 90 N.C. App. 58, 60, 367 S.E.2d 347, 348, *disc. review denied*, 323 N.C. 171, 373 S.E.2d 104 (1988)). The trial court's decision regarding distribution of a marital estate " 'will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.' " *Khajanchi v. Khajanchi*, 140 N.C. App. ——, ——, 537 S.E.2d 845, 849 (2000) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

We agree with defendant that the trial court's findings of fact regarding marital debts, Social Security disability benefits, and the 401(k) account are erroneous. We vacate those portions of the judgment and remand for further findings as set forth below.

### 1. Marital Debts

In finding of fact number 10, the trial court finds that, at the time of separation, the parties had two credit card debts: (1) Wachovia Bank Card with a balance of $7,653.00; and (2) First USA Bank Card

with a balance of $9,095.00. The trial court determines the total of the two debts to be $16,845.00. In fact, the sum of these debts is $16,748.00. Aside from this apparent clerical error, the trial court's finding of fact 7(I) values the marital debt as, "[d]ebts to Wachovia Bank and First USA Bank Card totaling $10,985.31."

It is unclear from the record why there is a discrepancy in the trial court's findings of fact regarding the parties' marital debt. The difference in the amounts in findings of fact 7(I) and 10 is approximately $5,760.00, a significant sum that affects the outcome of the distribution.

Moreover, the trial court distributed to plaintiff $10,895.31 in marital debts. The trial court distributed to defendant $7,727.31 in marital debts. The total of these amounts is $18,622.62. This amount is inconsistent with the trial court's finding as to the total value of marital debts in either finding of fact 10 or 7(I). We remand this matter to the trial court for clarified findings as to the actual value of the marital debts and their division between the parties.

## 2. Social Security Disability Benefits

Defendant further argues that the trial court erred in valuing defendant's Social Security disability benefits within the marital estate, and distributing the benefits as part of the marital estate. We agree.

In *Johnson v. Johnson*, 117 N.C. App. 410, 450 S.E.2d 923 (1994), the defendant-wife argued that the plaintiff-husband's State "disability retirement benefits" should be classified as marital property for purposes of equitable distribution. *Id.* at 411-12, 450 S.E.2d at 925. We noted that G.S. § 50-20(b)(1) classifies vested " 'pension, retirement, and other deferred compensation rights' " as marital property. *Id.*

The issue in *Johnson* of whether disability retirement benefits fell within the definition of marital property was an issue of first impression in this State. *Id.* We stated:

> Cases from other jurisdictions are divided as to how disability benefits should be allocated. 'Some states have held that they are similar in nature to personal injury awards and should be categorized under the same rules.' Lawrence J. Golden, Equitable Distribution of Property, § 6.11 n. 123 (1983 & Brett R. Turner, Supp.1993). Other states perceive the benefits as replacing lost earnings and as marital property. J. Thomas Oldham, Divorce,

Separation And The Distribution Of Property, § 8.03[1] (1994). We agree with the states finding that disability benefits which truly compensate for disability are separate property.

*Id.* at 414, 450 S.E.2d at 926.

The court in *Johnson* held that disability benefits which "are truly 'disability' benefits," intended to replace loss of earning capacity, should be the separate property of the disabled spouse:

> When a spouse contributes a portion of his monthly salary to a retirement fund, both spouses actually contribute marital labor to this fund. If the spouse retires early and begins receiving retirement benefits, it follows that if the spouses divorce, the non-retired spouse still is entitled to a portion of those retirement benefits because that spouse contributed to their acquisition. Here, no marital labor contributed to plaintiff's acquisition of the 'disability retirement benefits.' Plaintiff did not contribute money specifically to a disability fund. <u>Disability benefits are personal to the spouse who receives them and are that person's separate property</u>.

*Id.* at 414-15, 450 S.E.2d at 927 (emphasis supplied).

In this case, the Social Security Notice of Decision contained in the record establishes that defendant's benefits were awarded for "severe" physical disabilities such as liver disease, a right shoulder injury, and depression. This Decision, issued 23 February 1998, finds that defendant's disabilities prevented him "from performing substantial gainful activity of a sustained basis." The Decision further states that, based on defendant's "residual functional capacity, and vocational factors, there are no jobs existing in significant numbers which he can perform," and concludes that defendant is entitled to continued payments beginning retroactively on 31 July 1996. It further notes that defendant "is undergoing treatment and medical improvement is anticipated." Thus, re-evaluation of defendant's disability award was warranted within two years thereafter.

The record is clear that defendant's Social Security benefits were not " 'pension, retirement, and other deferred compensation rights' " under G.S. § 50-20(b)(1). The benefits were disability benefits intended to replace defendant's loss of earning capacity, and were not the result of any marital labor. Under the reasoning in *Johnson*, such benefits are separate property. The evidence does not support the trial court's finding that defendant's disability benefits were marital

property. We reverse this finding, and hold that such benefits may not be considered a part of the marital estate on remand.

### 3. Value of 401(k) Account

We also hold that the trial court erred in its finding of fact 7(l), stating that the marital assets consisted of a 401(k) account in defendant's name which was valued at $44,084.58 at the time defendant made a post-separation unilateral withdrawal of funds. The trial court did not make a finding of fact with respect to the value of the 401(k) account on the date of the parties' separation.

Marital property is defined as "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties." N.C. Gen. Stat. § 50-20 (b)(1) (emphasis supplied). The trial court must make a finding on the value of the marital asset on the date of separation. Any post-separation appreciation of a marital asset "is not marital property and therefore cannot be distributed by the trial court." *Fox v. Fox*, 114 N.C. App. 125, 130, 441 S.E.2d 613, 616 (1994) (citing *Gum v. Gum*, 107 N.C. App. 734, 737-38, 421 S.E.2d 788, 790 (1992)). The appreciation is a "distributional factor which the court must consider in resolving what division of the marital property would be equitable." *Id.* (citing N.C. Gen. Stat. § 50-20(c)(11a) or (c)(12) (1987)).

The trial court erred in assigning a marital estate value to the 401(k) account other than its value on the date of separation. The trial court could have considered the post-separation appreciation of the account as a distributional factor. On remand, the trial court must make appropriate findings as to the date-of-separation value of the 401(k) account for classification under "marital property."

[2] We reject defendant's argument that the trial court did not have authority to award interest on a distributive award to plaintiff. "[T]he decision of whether to order the payment of interest on a distributive award is one that lies within the discretion of the trial judge." *Mrozek v. Mrozek*, 129 N.C. App. 43, 49, 496 S.E.2d 836, 840 (1998).

Those portions of the judgment finding the value of the marital debts, Social Security disability benefits, and 401(k), are vacated. This matter is remanded to the trial court for entry of further findings as to the value of the marital assets to be divided. "On remand, the trial court should enter a new judgment consistent with this opinion, relying upon the existing record . . . and receiving additional evidence

and entertaining argument only as necessary to correct the errors identified herein." *Fox*, 114 N.C. App. at 138, 441 S.E.2d at 621.

In light of our holding, we do not address defendant's remaining arguments regarding the manner in which the trial court ordered that the marital property be divided. On remand, consistent with this opinion, the trial court must reassess the identity of the assets and liabilities as separate or marital property, and then reconsider the distribution of the marital estate.

Vacated in part and remanded.

Judges MARTIN and TIMMONS-GOODSON concur.