FINKEL v. FINKEL

[162 N.C. App. 344 (2004)]

———————

CHARLES E. FINKEL, Plaintiff-Appellee v. KAROL FINKEL, Defendant-Appellant

No. COA02-1456

(Filed 20 January 2004)

**1. Divorce— equitable distribution—disability insurance payments—separate property**

There was evidence to support the trial court's finding in an equitable distribution action that disability benefits received post-separation were separate property. The focus is on the nature of the wages being replaced and the benefits do not become marital because the source of the premiums was marital.

**2. Appeal and Error— assignment of error—favorable judgment**

An assignment of error was insufficient for review where defendant requested an unequal distribution in her favor, received that distribution, and then alleged that the trial court erred by not providing an equal distribution.

**3. Divorce— equitable distribution—weight of distributional factors**

The trial court in an equitable distribution action is not required to reveal the exact weight given to each distributional factor on which evidence is presented.

Appeal by defendant from judgment dated 1 March 2002 by Judge Robert S. Cilley in District Court, Transylvania County. Heard in the Court of Appeals 28 August 2003.

*H. Paul Averette for plaintiff-appellee.*

*Charles W. McKeller for defendant-appellant.*

McGEE, Judge.

Karol Finkel (defendant) and Charles E. Finkel (plaintiff) were married on 11 March 1973, separated on 15 August 1999, and divorced on 10 October 2000. During the marriage, plaintiff practiced dentistry for a professional association doing business as Charles E. Finkel, D.D.S., P.A. The professional association was dissolved in 1991 and the assets were distributed to the parties. Beginning in January 1991, plaintiff received benefits from two disability insurance policies totaling $17,000 per month due to a somatic condition, dysthymia, which is characterized as chronic mild depression. Premiums for the insurance policies were paid by the professional association. Under both disability policies, plaintiff could continue to receive monthly benefits so long as he remained disabled and did not return to work in the field of dentistry.

Plaintiff filed a complaint on 28 January 2000 seeking a divorce from bed and board, as well as equitable distribution. Defendant filed a counterclaim on 27 March 2000 for alimony, post separation support, an interim distribution of marital property, and she also sought an unequal distribution of marital property in her favor.

Judgment was entered on 1 March 2002 on the parties' equitable distribution claims. The trial court made extensive findings of fact

FINKEL v. FINKEL

[162 N.C. App. 344 (2004)]

regarding the assets of the parties, including the classification of income from plaintiff's disability insurance policies as separate property. The trial court considered that income as a distributional factor and ultimately distributed the property in favor of defendant. The trial court awarded $452,349.50 in marital property to defendant and $430,652.50 in marital property to plaintiff. Only the issue of equitable distribution is the subject of this appeal. Defendant appeals.

[1] In defendant's first assignment of error, she argues the trial court erred in classifying as separate property the disability benefits received by plaintiff after the date of separation. It is defendant's contention that the benefits are best characterized as marital property and therefore subject to distribution. After careful consideration of defendant's argument, we are not persuaded and find that this assignment of error is without merit.

Under our equitable distribution statute, upon application of a party, the trial court determines what is the marital property and divisible property of the parties. N.C. Gen. Stat. § 50-20(a) (2001). Initially, " '[the] party claiming that property is marital has the burden of proving beyond a preponderance of the evidence' that the property was acquired: by either or both spouses; during the marriage; before the date of separation; and is presently owned." *Fountain v. Fountain*, 148 N.C. App. 329, 332, 559 S.E.2d 25, 29 (2002) (quoting *Lilly v. Lilly*, 107 N.C. App. 484, 486, 420 S.E.2d 492, 493 (1992) (citations omitted)). Once a party meets this burden, the burden shifts to the other party to show by a preponderance of the evidence that the property is best characterized as separate. *Lilly*, 107 N.C. App. at 486, 420 S.E.2d at 493.

A variety of methods have been adopted by different jurisdictions to aid in determining whether property is appropriately classified as separate, marital, or divisible. *See Johnson v. Johnson*, 117 N.C. App. 410, 412, 450 S.E.2d 923, 925 (1994). Our Supreme Court rejected a mechanistic, more literal approach to the classification of property in equitable distribution actions and instead adopted the analytic approach in reviewing classification of personal injury awards. *Johnson v. Johnson*, 317 N.C. 437, 451, 346 S.E.2d 430, 438 (1986). Under the analytic approach, the pertinent question is what are the benefits or proceeds at issue intended to replace. *See Johnson*, 317 N.C. at 446-47, 346 S.E.2d at 435. Courts that have adopted the analytic approach in classifying property for the purpose of equitable distribution have " 'consistently held that the portion of [a personal injury] award representing compensation for non-economic losses—

i.e., personal suffering and disability—is the separate property of the injured spouse; the portion of an award representing compensation for economic loss . . . during the marriage . . . is marital property.' " *Johnson*, 117 N.C. App. at 412, 450 S.E.2d at 925 (quoting *Johnson*, 317 N.C. at 447-48, 346 S.E.2d at 436); *see also Cooper v. Cooper*, 143 N.C. App. 322, 545 S.E.2d 775 (2001) (utilizing the analytic approach, Social Security benefits are disability benefits intended to replace loss of earning capacity and are thus separate property).

Applying the reasoning of the Supreme Court, our Court held that "disability retirement benefits" which were intended to replace the recipient's loss of earning capacity due to disability were the separate property of that spouse. *Johnson*, 117 N.C. App. at 414, 450 S.E.2d at 926. In *Johnson*, we asked "whether the benefits that plaintiff received were truly disability benefits or were retirement benefits (compensation for economic loss)." *Id.* at 412, 450 S.E.2d at 925. Our Court's decision in *Johnson* is on point as to the issue before our Court in the present case.

Courts in a majority of other states have elected to follow the analytic approach in classifying disability benefits received after separation as separate property. *See Hatcher v. Hatcher*, 933 P.2d 1222 (Ariz. Ct. App. 1996); *Holman v. Holman*, 84 S.W.3d 903 (Ky. 2002); *Chance v. Chance*, 694 So. 2d 613 (La. Ct. App. 1997); *Sherman v. Sherman*, 740 S.W.2d 203 (Mo. Ct. App. 1987); *Gann v. Gann*, 620 N.Y.S.2d 707 (N.Y. Sup. Ct. 1994), *aff'd*, 649 N.Y.S.2d 154 (N.Y. App. Div. 1st Dep't 1996) ; *Gragg v. Gragg*, 12 S.W.3d 412 (Tenn. 2000); *In re Marriage of Brewer*, 976 P.2d 102 (Wash. 1999) (post-dissolution disability insurance benefits are separate property of the disabled spouse regardless of whether marital funds paid the premiums).

In the case before us, the scope of review is limited to whether there was any competent evidence to support the findings of the trial court that the disability benefits received post-separation were separate property. *See Taylor v. Taylor*, 92 N.C. App. 413, 417, 374 S.E.2d 644, 646 (1988). The trial court's findings will only be upset if "the decision was unsupported by reason and could not have been the result of a competent inquiry." *Crowder v. Crowder*, 147 N.C. App. 677, 681, 556 S.E.2d 639, 642 (2001). Therefore, findings of fact are deemed conclusive if they are "supported by any competent evidence in the record." *Id.*

The trial court, citing our decision in *Johnson* regarding retirement disability benefits, found that the disability benefits received by

plaintiff, from and after the date of separation, were the separate property of plaintiff. As noted in *Johnson*, the better practice would have been for the trial court to expressly state that the disability benefits were due to plaintiff's own disability and were for the purpose of replacing his loss of earning capacity. *Johnson*, 117 N.C. App. at 413, 450 S.E.2d at 926. However, we find that the evidence presented at trial was sufficient to support the trial court's finding that plaintiff's benefits received post-separation were his separate property.

There are two disability insurance policies in this case; one maintained by Jefferson-Pilot Corporation (Jefferson-Pilot policy) and the other by Unionmutual Stock Life Insurance Company of America (Unionmutual policy). The Jefferson-Pilot policy, originally issued by Chubb Life, is self-described as an "income replacement policy." This policy was conditionally renewable up to plaintiff's seventy-second birthday. The Unionmutual policy, calling itself a "disability income policy," agrees to pay a monthly benefit for total disability for so long as plaintiff remains totally disabled until he reaches age sixty-five. It is evident from the language of both policies that the monthly benefit contains no retirement component and the policies are for the purpose of compensating plaintiff for his loss of health and earning capacity due to disability.

Both policies permit plaintiff to continue to receive the monthly benefit even if he finds employment in a field other than dentistry. We find these policy stipulations to be irrelevant for the purposes of classification of the property. The disability benefits received by plaintiff replace his post-separation loss of earning capacity as a dentist. He is unable to work as a dentist as long as he remains disabled.

Defendant emphasizes that the premiums were paid by the professional association, which was a marital asset prior to its dissolution. Thus, defendant argues that because the source of the premiums was marital in origin and those premiums served to deplete the marital assets, the proceeds of the disability insurance policies should be marital as well. We note that there are other forms of personal injury compensation, such as Social Security disability benefits, that have a similar source of funds, yet are deemed separate property. *See Cooper*, 143 N.C. App. 322, 545 S.E.2d 775. The monthly benefits do not lose their classification as separate property because the source of the premiums was marital. In assessing the status of disability benefits in equitable distribution actions, the analytic approach mandates the focus be directed at what is the nature of the wages being replaced.

**FINKEL v. FINKEL**

[162 N.C. App. 344 (2004)]

Furthermore, as this Court noted in *Johnson*, "[p]ublic policy supports our holding that benefits which are truly 'disability' benefits should be the separate property of the disabled spouse." *Johnson*, 117 N.C. App. at 414, 450 S.E.2d at 927. To hold otherwise would be to deprive the disabled spouse of a means of future support, particularly where that spouse is likely to have a greater need for the benefits.

**[2]** Defendant also assigns error to the trial court's failure to "equally divide the marital assets of the parties in the absence of a finding or conclusion that an equal division was not equitable and without identifying the weight assigned to each distributional factor found."

As a general rule, the party who prevails at trial may appeal where the judgment is less favorable than that party thinks is just. *Casado v. Melas Corp.*, 69 N.C. App. 630, 635, 318 S.E.2d 247, 250 (1984). However, in this case defendant requested an unequal distribution in her favor and received an unequal distribution in her favor. Yet, she alleges the trial court erred in failing to provide an *equal distribution*. Thus, defendant argues that the trial court erred because it should have provided a judgment less favorable to her.

N.C.R. App. P. 10(c)(1) provides that an assignment of error "is sufficient if it directs the attention of the appellate court to the particular error about which the question is made." Accordingly, we find that the first half of defendant's second assignment of error is insufficient for this Court to review.

**[3]** The later half of defendant's second assignment of error faults the trial court for failing to indicate the weight it allotted to each distributional factor considered. It is within the trial court's discretion to determine the weight attributed to any of the N.C. Gen. Stat. § 50-20(c) factors on which evidence was presented. *Daetwyler v. Daetwyler*, 130 N.C. App. 246, 250, 502 S.E.2d 662, 665, *disc. review denied*, 349 N.C. App. 528, 526 S.E.2d 174 (1998), *aff'd*, 350 N.C. 375, 514 S.E.2d 89 (1999). "It is not required that the trial court make findings revealing the exact weight assigned to any given factor." *Id.* We find no merit in defendant's argument.

Affirmed.

Judges BRYANT and GEER concur.